**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shane McGough, | NO. _____ |
| Plaintiff, | **INDEX** |
| v. | |
| Paul Penzone, et al., | |
| Defendants | |

Exhibit(s):

(A)   Contents of Superior Court File No. CV2018-004198

(B)   Process, Pleadings, and Orders Served on Defendants and attached copies of all documents that were served on our clients.

(C)   Superior Court Notice of Removal to the Federal District Court

(D)   Civil Cover Sheet

(E)   Supplemental Cover Sheet

# EXHIBIT A

**Contents of Maricopa County Superior Court
No. CV2018-004198**

Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

MICHAEL K. JEANES
Clerk of the Superior Court
By Angela Slaughter Romero, Deputy
Date 03/23/2018 Time 13:25:25

| Description | Amount |
| --- | --- |
| ———— CASE# CV2018-004198 ———— | |
| CIVIL NEW COMPLAINT | 322.00 |
| TOTAL AMOUNT | 322.00 |
| Receipt# 26484829 | |

# SUPERIOR COURT OF STATE OF ARIZONA

## COUNTY OF MARICOPA

SHANE MCGOUGH, a single man,.

          Plaintiff,

v.

PAUL PENZONE and VERONICA
PENZONE, husband and wife;
MARICOPA COUNTY, a public entity;
SHAUN RICHARD EVERSOLE and
JANE DOE EVERSOLE, husband and
wife; ALDEN JAMAAL JACKSON, and
JANE DOE JACKSON, husband and
wife; JOHN DOES 1-10, JANE DOES 1-
10; PUBLIC ENTITIES 1-10.

          Defendants.

No. CV 2018-004198

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Tort – Non-Motor Vehicle)**

For his Complaint against Defendants, Plaintiff Shane McGough ("Plaintiff"), by and through his undersigned attorney, alleges as follows:

## JURISDICTION

1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution and additional pendent state common law claims as set forth herein.

2.    Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§12-123 and 12-401 as the parties are residents of Maricopa County, Arizona and the underlying events out of which this lawsuit arises occurred in Maricopa County, Arizona.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

## PARTIES

3.     Defendants Paul Penzone ("Sheriff Penzone") and Veronica Penzone are a married couple residing in Maricopa County, Arizona. All of Sheriff Penzone's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Penzone marital community.

4.     Since January 1, 2017, Sheriff Penzone has been the duly-elected and serving Sheriff of Maricopa County, acting under color of law, and in charge of the Maricopa County Sheriff's Office ("MCSO"). Sheriff Penzone is named in both his official capacity, for purposes of Plaintiff's state law vicarious liability and municipal liability claims, and in his individual capacity, for purposes of Plaintiff's claims against him under 42 U.S.C. §1983.

5.     Defendant Maricopa County is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and is independently and/or vicariously liable for the wrongful conduct of MCSO and its officers, agents, and employees.

6.     Defendants Shaun Richard Eversole ("Deputy Eversole") and Jane Doe Eversole are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Eversole's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Eversole marital community.

7.     Jane Doe Eversole's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

8.     Defendants Alden Jamaal Jackson ("Deputy Jackson") and Jane Doe Jackson are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Jackson's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Jackson marital community.

9. Jane Doe Jackson's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

10. At all times pertinent hereto, Deputies Eversole and Jackson were agents and employees of Maricopa County, duly sworn to uphold the Constitution of the United States of America and the Constitution of the State of Arizona, to obey the laws of the State and the United States, and the rules, regulations, and policies of the MCSO, to never abuse the authority vested in them, to uphold the constitutional rights to liberty, equality and justice afforded to all persons, to be honest in thought and deed, and to never misrepresent themselves, be untruthful, nor tolerate such conduct on the part of any other employees of the MCSO.

11. At all times pertinent hereto, Deputies Eversole and Jackson were acting in the course and scope of their employment with Maricopa County and under of color of law.

12. Defendants John Does 1-10, Jane Does 1-10 and Public Entities 1-10 are those persons and public entities who are also directly or vicariously liable for the claims asserted herein but whose identities are either unknown and/or the claims against such persons and entities are not yet ripe for adjudication herein. These persons and public entities hereby are notified of Plaintiff's intention to join them as defendants when their identities are fully known and/or when the claims against them are ripe for adjudication herein.

## COMMON FACTUAL ALLEGATIONS

### MCSO's Culture of Cruelty and Disregard of its Own Policies

13. Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 12 of this Complaint.

14. Despite the oath of office, code of ethics and other written policies and procedures to which every MCSO officer, deputy and employee are supposedly bound, MCSO's leadership has long fostered a culture of cruelty and abuse toward pre-trial detainees.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

15.     Joseph Arpaio was Sheriff of Maricopa County for 24 years – from 1993 until he was voted out of office in late 2016 while under investigation for and pending charges of criminal contempt, for which he was later convicted. From the very beginning and throughout his reign, "Sheriff Joe" spouted a hardline rhetoric toward pretrial detainees, including repeated public statements creating a "culture of cruelty" and implicit authorization of excessive force by detention officers and deputies towards persons in MCSO's custody.

16.     Such rhetoric has caused MCSO employees to understand that it is acceptable for them to disregard their training and official policies and procedures, including use of force policies. It has led to multiple Department of Justice investigations, lawsuits and findings of a pattern of excessive force, as well as a litany of civil lawsuits and sizable settlements and verdicts for injuries and deaths of persons within MCSO's custody. It has led as well to federal court rulings that MCSO routinely abused and violated the constitutional rights of pre-trial detainees.

17.     While Arpaio is no longer in control of MCSO, his legacy continues and Sheriff Penzone has not reversed Arpaio's long ingrained culture. Indeed, it is telling that the deputies involved in the attack and torture of plaintiff out of which this lawsuit arises have apparently not been disciplined by MCSO despite clear video proof of their criminal assault and falsification of official reports.

## Events Leading to the Holding Cell Attack and Torture of Plaintiff

18.     Plaintiff and three of his friends spent Saturday, July 15, 2017, enjoying a day of casual friendship and tubing on the Salt River in the Tonto National Forest. They had arrived early that day at the parking and tube rental concession. Being among the first to arrive, the driver of the group, parked his truck in the parking lot in a spot closest to the tube rental buildings and, after renting some tubes, the group were transported by bus to the upstream embarkment point. After several hours, the foursome paddled ashore at one of the designated stops, gathered their stuff and caught the bus back to the parking area.

- 4 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3115

19.     While in the parking lot, Plaintiff and one of the group became embroiled in a verbal argument with a cab driver who was parked nearby who falsely claimed that the owner of the truck had damaged his cab while backing out of his parking spot.

20.     The argument escalated in volume and the truck's owner walked away from the scene.   After several minutes, MCSO Deputies, Michael S. Finney and David E. Crissinger, arrived at the scene.

21.     Without permission, Deputy Finney opened the driver's side door of the truck in an apparent search of its interior.   At this point, Plaintiff believed that the truck owner's Fourth Amendment rights were being violated by an illegal search of the truck.   Plaintiff told Deputy Finney that he did not have permission to search the truck.   When Finney continued, Plaintiff reached his arm in between Finney and the open door of the truck while insisting that the attempted search was unlawful.   In doing so, Plaintiff did not physically touch or threaten Finney in any way.

22.     Rather than explain what he was doing, Finney went on the offensive.   In his own words, he "immediately grabbed" Plaintiff and began to shove him several times in the chest while verbally taunting plaintiff.   Finney forcefully grabbed Plaintiff's throat around the Adam's apple, painfully restricting his airway while simultaneously pushing him back against the truck.   Out of fear and shock, and in self-defense, Plaintiff struck Deputy Finney, at which point, Deputy Crissinger jumped in to try to tackle Plaintiff.   In an unfortunate accident, all three persons went to the ground with Crissinger twisting and fracturing his leg.

23.     Plaintiff was then held down, handcuffed, and forced to lay on the ground for lengthy time with his body and face pressed to the hot pavement.   Later, Plaintiff was placed in the back seat of U.S. Forest Service Officer Kelly Fleming's ("Officer Fleming") patrol vehicle.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

## The Holding Cell Assault and Torture

24.     Officer Fleming drove Plaintiff to a nearby MCSO substation followed separately by Deputies Jackson and Eversole and a Malinois police dog, Sergeant Shadow.

25.     Upon arriving at the substation, Officer Fleming and Deputies Eversole and Jackson approached the vehicle itching for an opportunity to extract vengeance for their injured fellow officer. They were poised to fight as they opened the passenger door and aggressively ordered Plaintiff to step out of the vehicle.

26.     Plaintiff was sitting passively in the back seat demanding an explanation of his arrest. Rather than respond to Plaintiff's inquiry and after a lapse of just a few seconds, Plaintiff was forcibly dragged by his handcuffs out of the vehicle by Deputy Jackson.

27.     Plaintiff was then led by Jackson with one hand on Plaintiff's bicep, into the station and holding cell, with Fleming, Eversole and Shadow right behind. While Plaintiff was agitated and demanded an explanation for his arrest, he offered no resistance to being led into either the building or the holding cell inside the building.

28.     While handcuffed and seated on the concrete bench in the holding cell, Deputy Jackson, who outweighed Plaintiff by at least 100 pounds, began to try to remove the handcuffs, but had difficulty with the key while Deputy Eversole stood close by with the canine, Shadow, barking menacingly at Plaintiff.

29.     Jackson tossed one set of keys toward another unknown deputy who was standing in the doorway of the holding cell while Plaintiff continued to protest and question his arrest. Plaintiff did nothing even remotely suggestive of fighting. In fact, he sat on the bench for more than 30 seconds while Jackson continued to fumble with another set of handcuff keys.

30.     In frustration from Jackson's actions, the dog's furious barking, and the deputies' refusal to answer his questions, Plaintiff attempted only to stand up, a non-aggressive movement that lasted only a second. In response, Jackson forcibly pushed Plaintiff back down to the bench. During that fleeting movement, despite that Plaintiff was

- 6 -

cuffed, in a secure holding cell and surrounded by armed law enforcement officers, Deputy Eversole attempted to deploy Sergeant Shadow, who through training or instinct saw no threat and did not engage Plaintiff who immediately sat back down on the bench, head down, with his cuffed hands in his lap.

31.     Seconds later, while Plaintiff was still seated on the bench with Jackson's massive body looming over him, Deputy Fleming assaulted Plaintiff with a forcible two-handed grab at his throat. Plaintiff then yelled at Fleming who responded with another forcible two-handed jab to the throat. Again, Plaintiff did nothing in response except to verbally insult Officer Fleming. At that point, though Plaintiff was not fighting or resisting, Jackson yanked Plaintiff off the holding cell bench, pivoted and hurled Plaintiff to the back of the holding cell and forced him to the ground.

32.     While Jackson was taking Plaintiff to the ground, Plaintiff again showed he would not resist, yelling, "I'll get on the ground." Despite Plaintiff's lack of resistance and despite that the much larger Jackson had complete control over Plaintiff, Deputy Eversole again deployed Sergeant Shadow and this time the dog obeyed. Shadow commenced a horrific and prolonged attack on Plaintiff while he was helplessly pinned to the ground by the massive Jackson, whose knee was squarely on Plaintiff's abdomen while he continued to try to remove the handcuffs. Throughout this attack Plaintiff continued to scream in agony that he was complying, that he had done nothing wrong, that he was in pain and repeatedly begged the deputies to call the dog off.

33.     Neither Deputy Jackson, nor Officer Fleming or any of the other unknown deputies at the substation intervened or otherwise attempted to stop the vicious and prolonged canine attack instigated by Deputy Eversole. Instead, Deputy Jackson rolled Plaintiff over to his stomach to better expose Plaintiff's buttocks to the dog, who all the while was ripping and tearing at Plaintiff's flesh. Throughout the remainder of the relentless attack, Jackson was continuing to press Plaintiff's body and face to the hard-concrete floor

of the cell. This continued for over three minutes while Jackson and other deputies were continuing to try to remove the handcuffs and Officer Fleming remained mute.

34. The canine, Shadow, ravaged Plaintiff's backside for more than three minutes before Eversole disengaged the dog after which the deputies continued their effort to remove the handcuffs with Plaintiff lying bloody and injured on the floor of the cell. The horrific torture of Plaintiff was captured on Eversole's and Jackson's Body Worn Cameras ("Body Cams").

### The False and Misleading Incident Reports

35. The Body Cam videos clearly and unambiguously show that the holding cell attack on Plaintiff was a criminal act by MCSO employees Eversole and Jackson, and U.S. Forest Service Officer Fleming. However, that was not the end of the MCSO deputies' criminal activity. Deputies Jackson and Eversole compounded their criminal conduct by filing false and misleading incident reports regarding the attack.

36. A comparison of the Body Cam video evidence with the later prepared incident reports reveal that deputies Jackson and Eversole repeatedly lied in their official reports.

37. Deputy Jackson lied when he claimed that Plaintiff physically resisted and tried to "prevent" the deputies from escorting him into the station and holding cell. Likewise, Deputy Eversole lied when he reported that Plaintiff was "actively attempting to pull away from" Jackson as Plaintiff was escorted into the building. The Body Cam videos prove otherwise.

38. Deputy Jackson lied again when he claimed that Plaintiff "displayed active aggression by standing up and lunging toward us as if he was attempting to engage in a fight" and that he was "attempting to use the handcuffs as a weapon." Eversole tried to corroborate that lie by, saying "McGough made an overt movement off the bench and began to actively fight Deputy Jackson." Again, the Body Cam videos prove otherwise.

39. Deputy Jackson lied again when he said Plaintiff "attempted to lunge at us a

second time before being pushed back onto the bench again" and that Plaintiff was "actively resisting the handcuffs being removed" and that he "kicked me [Jackson], Officer Fleming and Deputy Eversole as he flailed around on the concrete bench." Again, the Body Cam videos prove otherwise.

40.     Likewise, though tellingly inconsistent with Jackson's report, Eversole lied when he reported that Plaintiff "continued to fight Deputy Jackson as well as kicking [only] Officer Fleming." Again, the video shows otherwise.

41.     Both Deputies lied about the reason that Deputy Jackson jerked Plaintiff off the bench. Both reported it was because of active fighting when in truth Plaintiff was not fighting and had merely insulted Officer Fleming after she assaulted him.

42.     Deputy Eversole's report of the reason he engaged Sergeant Shadow is a particularly sinister lie designed to try to cover up his clear violation of MCSO use of force and canine policies. He said, "In order to stop the active aggression from McGough and prevent further injuries to law enforcement officer, I deployed Canine Shadow with a placement bite on the upper rear of McGough's right thigh." The video on the other hand demonstrates that the deployment of the dog was a vengeful and over the top use of force contrary to MCSO Policies CP-1 and GJ-25. Plaintiff was a handcuffed detainee, fully secured in a holding cell, he was being assaulted by Fleming and was surrounded by a gang of armed law enforcement officers, including Officer Jackson who outweighed Plaintiff by at least 100 lbs. and had total control over Plaintiff.

43.     Deputy Eversole's suggestion that Plaintiff was a threat to anyone in the holding cell and that the attack on Plaintiff was justified is an extreme and outrageous lie designed to mask his, deputy Jackson's and Officer Fleming's criminal conduct.

44.     In reliance upon the falsified reports by Jackson and Eversole, the State brought multiple felony assault charges against Plaintiff. Counts 3 and 4 of the criminal complaint alleged that Plaintiff committed Assault and Aggravated Assault on Deputy Jackson and Officer Fleming. Count 5 alleged that Plaintiff resisted arrest by using or

threatening physical force against Jackson, Fleming and Eversole. These charges were false, malicious and without probable cause and were later dismissed. Jackson, Fleming and Eversole aided and abetted those false charges through their false reporting.

## COUNT ONE – BATTERY

### (As to All Defendants)

45. The allegations of Paragraphs 1 through 44 of this Complaint are incorporated herein.

46. Defendants' conduct as described herein constitutes the tort of battery. Such conduct was a violation of A.R.S. §§13-409 and 13-410 resulting in unreasonably offensive and injurious contact to Plaintiff committed without justification and with the intent to seriously harm and injure Plaintiff;

47. As a direct and proximate cause of defendants' battery, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

## COUNT TWO – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS – FOURTH AND FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. §1983

### (As to All Defendants)

48. The allegations of Paragraphs 1 through 47 of this Complaint are incorporated herein.

49. While MCSO has adopted written policies and procedures regarding the use of force, including Policy CP-1, as described above for many years under the leadership of former Sheriff Arpaio and now current Sheriff Penzone, MCSO's actual unwritten though routinely sanctioned policy is one of implicit authorization of the use of excessive force to punish pretrial detainees or at a minimum MCSO has fostered an attitude of complete indifference to its written policies and procedures.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3115

50.     MCSO has employed a pattern and practice of authorizing or being deliberately indifferent to the excessive use of force by its agents, employees and deputies against pretrial detainees.

51.     MCSO has been repeatedly sanctioned in the courts and in civil verdicts and settlements based upon its pattern and practice of authorizing or being indifferent to excessive use of force by its agents, employees and deputies against pretrial detainees.

52.     Though pretrial detainees have not been found guilty of any crime, MCSO's leadership has long espoused and authorized a policy that its detention facilities should be "places of punishment," that detainees should be "educated through punishment" and that such facilities should be run like World War II era concentration camps.

53.     Deputies Eversole and Jackson acted pursuant to MCSO's, Sheriff Arpaio's and Sheriff Penzone's implicit authorization of excessive use of force and imposition of punishment by wrongfully assaulting Plaintiff, directing the canine, Shadow, to attack and torture Plaintiff while he was helpless and pinned to the ground and, in Deputy Jackson's case, by failing to intervene and stop the canine attack instigated by Eversole.

54.     Pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), Sheriff Penzone and Maricopa County are independently liable for the acts of Deputies Eversole and Jackson.

55.     All defendants acted under color of law.

56.     Deputies Eversole, Jackson and Penzone are liable to Plaintiff pursuant to 42 U.S.C. §1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

57.     As a direct and proximate cause of defendant's reckless disregard of Plaintiff's constitutional rights, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

58. The above acts were committed intentionally or recklessly and with an "evil mind" and with a conscious disregard of Plaintiff's rights and interests. Accordingly, Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to an award of punitive damages against the individually named defendants.

59. Plaintiff is also entitled to an award of costs and attorney's fees Pursuant to 42 U.S.C. §1983.

## COUNT THREE – RECKLESS OR NEGLIGENT CONDUCT

### (As to all Defendants)

60. The allegations of Paragraphs 1 through 59 of this Complaint are incorporated herein.

61. Defendants owed a duty of reasonable care to Plaintiff, a pretrial detainee, in their detention of him. Such duty included the duty to refrain from the use of excessive force and keep Plaintiff safe while in their custody and to intervene and protect Plaintiff from risks of harm presented by overzealous law enforcement officers.

62. The harm caused by defendants, including Deputies Eversole and Jackson, was foreseeable.

63. Upon information and belief, defendant Maricopa County failed to perform an adequate background check on its employees, including Deputies Eversole and Jackson and/or otherwise failed to evaluate their suitability for the jobs they were given.

64. Upon information and belief, defendant Maricopa County failed to provide adequate training to its employees, Deputies Eversole and Jackson.

65. Upon information and belief, defendant Maricopa County failed to provide adequate supervision of its employees, Deputies Eversole and Jackson.

66. At all times pertinent hereto, defendants were reckless or negligent in their detention of Plaintiff and their excessive use of physical and potentially deadly force against Plaintiff. Defendants Maricopa County and Penzone were reckless or negligent in their hiring, supervision and training of Deputies Eversole and Jackson.

- 12 -

67.     As a direct and proximate cause of defendants' recklessness or negligence, Plaintiff suffered serious bodily injury, pain, suffering, anguish, emotional distress and incurred and will likely continue to incur economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

68.     Plaintiff hereby requests and demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs request that judgment be entered against defendants, jointly and severally and against their marital communities, as follows:

A.     Awarding Plaintiff's special and general damages in an amount to be proved at trial;

B.     Awarding punitive damages pursuant to 42 U.S.C. §1983 against the individually named defendants in an amount to be proved at trial;

C.     Awarding Plaintiff's taxable costs and attorneys' fees pursuant to 42 U.S.C. §1983; and

D.     For such other and further relief as the Court deems just and proper.

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____

Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff

**Superior Court of Arizona**
**In Maricopa County**

# CV2018-004198

Is Interpreter Needed? ☐ Yes **X** No

If yes, what language: _____

MICHAEL K. JEANES, CLERK
BY
*A.Romero*
**A.S. ROMERO, FILED**
2018 MAR 23 PM 1: 24

To the best of my knowledge, all information is true and correct.

**Plaintiff's Attorney:** Steven S. Guy, The Guy Law Firm, P.L.L.C.

_____

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

**Attorney's Bar Number:** 09106

Plaintiff's Name(s): <u>Shane McGough</u>
Plaintiffs' Address: <u>12890 E. Gold Dust Ave., Scottsdale, AZ 85259.</u>

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): **Maricopa County, Paul and Veronica Penzone, Shaun R. Eversole and Jane Doe Eversole, Alden J. Jackson and Jane Doe Jackson.**

List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction
☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

**X** RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an "X" next to the <u>one</u> case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort
☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☒116 Other (Specify) <u>42 U.S.C.</u>
<u>§1983</u>

**120 MEDICAL MALPRACTICE:**
☐121 Physician M.D. ☐123 Hospital

☐122 Physician D.O ☐124 Other
**130 CONTRACTS:**
☐131 Account (Open or Stated)
☐132 Promissory Note
☐133 Foreclosure
☐138 Buyer-Plaintiff
☐139 Fraud
☐134 Other Contract (i.e. Breach of Contract)
☐135 Excess Proceeds - Sale
☐Construction Defects (Residential/Commercial)
　　☐136 Six to Nineteen Structures
　　☐137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
☐156 Eminent Domain/Condemnation
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name
☐153 Transcript of Judgment

☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights **(Not General Stream Adjudication)**
☐ 187 Real Property
☐ Sexually Violent Persons (A.R.S. §36-3704)
   (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
☐ 194-Immigration Enforcement Challenge
   (§§1-501, 1-502, 11-1051)
**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax
Court)

☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute - Other
☐ 159 Restoration of Civil Rights (Federal)
☐ 159 Clearance of Records (A.R.S. §13-4051)
☐ 190 Declaration of Factual Innocence**(A.R.S.§12-771)**
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain–Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute - Discrimination
☐ 185 Employment Dispute - Other
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other
_____
(Specify)

**Case No.** _____
☐ 155 Declaratory Judgment

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)
John and Jane Does 1-10; Public Entities I-X

_____

MICHAEL K. JEANES, CLERK
BY
A.S. ROMERO, FILED

*A.S. Romero* (signature)
DEP

2018 MAR 23 PM 1:24

Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

# SUPERIOR COURT OF STATE OF ARIZONA

# COUNTY OF MARICOPA

SHANE MCGOUGH, a single man,.

Plaintiff,

v.

PAUL PENZONE and VERONICA
PENZONE, husband and wife;
MARICOPA COUNTY, a public entity;
SHAUN RICHARD EVERSOLE and
JANE DOE EVERSOLE, husband and
wife; ALDEN JAMAAL JACKSON, and
JANE DOE JACKSON, husband and
wife; JOHN DOES 1-10, JANE DOES 1-
10; PUBLIC ENTITIES 1-10.

Defendants.

No. CV 2018-004198

**CERTIFICATE RE COMPULSORY
ARBITRATION**

The undersigned certifies that the largest award sought by plaintiff, but excluding interest, attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory arbitration. This case therefore is NOT subject to arbitration pursuant to the provisions of Rules 72 through 76, Ariz. R. Civ. P.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

1

2          DATED this 23rd day of March, 2018.

3

4                              THE GUY LAW FIRM, P.L.L.C.

5

6                   By: _____

7                              Steven S. Guy
                               10105 E. Via Linda, Ste. 103
8                              Scottsdale, Arizona 85258-5326
                               Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

18 MAR 28 PM 1:25
FILED
BY J. GARCIA, DEP

# AFFIDAVIT OF SERVICE

| Case:<br>CV2018-004198 | Court:<br>Superior Court of The State of Arizona | County:<br>Maricopa County | Job:<br>2131216 (Client Billing Reference: Shane McGough) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Shane McGough, a single man | | **Defendant / Respondent:**<br>Paul Penzone and Veronica Penzone, husband and wife; Maricopa County, a public entity; Shaun Richard Eversole and Jane Doe Eversole, husband and wife; Alden Jamal Jackson and Jane Doe Jackson, husband and wife; John Does 1-10, Jane Does 1-10; Public Entities 1-10 | | |
| **Received by:**<br>Quick Courier, LLC | | **For:**<br>The Guy Law Firm, P.L.L.C. | |
| **To be served upon:**<br>Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Paul Penzone with the MCSO | | | |

I, Jack Piraino II, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| **Recipient Name / Address:** | Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Paul Penzone with the MCSO, MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 |
|---|---|
| **Manner of Service:** | Government Agency, Mar 27, 2018, 11:55 pm MST |
| **Documents:** | Summons, Complaint and Demand For Jury Trial (Tort — Non-Motor Vehical), Certificate Re Compulsory Arbitration |

**Additional Comments:**
1) Successful Attempt: Mar 27, 2018, 11:55 pm MST at MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 received by Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Paul Penzone with the MCSO. Age: 35-45; Ethnicity: Caucasian; Gender: Male; Weight: 175-185; Height: 5'10"; Hair: Red; Eyes: Blue; Other: Mr. Stoddard's hair was short and a combination of light red/orange and dusty blonde. ;
I personally handed Officer Luke Stoddard all aforementioned documents and briefly explained their contents. Officer Stoddard verbally and physically accepted service.

_____    03/28/2018

Jack Piraino II    Date
Maricopa County 8700

Quick Courier, LLC
202 E Earll Dr Suite 425
Phoenix, AZ 85012
4803840568

MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

18 MAR 28 PH 1:25
FILED
BY J. GARCIA, DEP



# AFFIDAVIT OF SERVICE

| Case: CV2018-004198 | Court: Superior Court of The State of Arizona | County: Maricopa County | Job: 2131344 (Client Billing Reference: Shane McGough) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Shane McGough, a single man | | **Defendant / Respondent:** Paul Penzone and Veronica Penzone, husband and wife; Maricopa County, a public entity; Shaun Richard Eversole and Jane Doe Eversole, husband and wife; Alden Jamal Jackson and Jane Doe Jackson, husband and wife; John Does 1-10, Jane Does 1-10; Public Entities 1-10 | |
| **Received by:** Quick Courier, LLC | | **For:** The Guy Law Firm, P.L.L.C. | |
| **To be served upon:** Mireya (MIA) Vargas, Special Deputy Clerk with Maricopa County, for Fran McCarroll, Clerk of the Maricopa County Board of Supervisors for Maricopa County | | | |

I, Jack Piraino II, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Mireya (MIA) Vargas, Special Deputy Clerk with Maricopa County, for Fran McCarroll, Clerk of the Maricopa County Board of Supervisors for Maricopa County, Maricopa Counti Clerk: 301 W Jefferson St, Phoenix, AZ 85003

**Manner of Service:** Government Agency, Mar 27, 2018, 12:27 pm MST

**Documents:** Summons, Complaint and Demand For Jury Trial (Tort — Non-Motor Vehical), Certificate Re Compulsory Arbitration

**Additional Comments:**
1) Successful Attempt: Mar 27, 2018, 12:27 pm MST at Maricopa Counti Clerk: 301 W Jefferson St, Phoenix, AZ 85003 received by Mireya (MIA) Vargas, Special Deputy Clerk with Maricopa County, for Fran McCarroll, Clerk of the Maricopa County Board of Supervisors for Maricopa County. Age: 30-40; Ethnicity: Hispanic; Gender: Female; Weight: 165-175; Height: 5'5"; Hair: Brown; Eyes: Brown;
I personally handed Mrs. Mireya Vargas all aforementioned documents and briefly explained their contents. Mrs. Vargas physically and verbally accepted service.

_____  03/28/2018
Jack Piraino II                   Date
Maricopa County 8700

Quick Courier, LLC
202 E Earll Dr Suite 425
Phoenix, AZ 85012
4803840568

**AFFIDAVIT OF SERVICE**



| Case:<br>CV2018-004198 | Court:<br>Superior Court of The State of Arizona | County:<br>Maricopa<br>County | Job:<br>2185758 (Client Billing Reference: Shane<br>McGough) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Shane McGough, a single man | | **Defendant / Respondent:**<br>Paul Penzone and Veronica Penzone, husband and wife; Maricopa<br>County, a public entity; Shaun Richard Eversole and Jane Doe<br>Eversole, husband and wife; Alden Jamal Jackson and Jane Doe<br>Jackson, husband and wife; John Does 1-10, Jane Does 1-10; Public<br>Entities 1-10 | | |
| **Received by:**<br>Quick Courier, LLC | | **For:**<br>The Guy Law Firm, P.L.L.C. | |
| **To be served upon:**<br>Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of<br>Officer Alden Jamaal Jackson with the MCSO | | | |

I, Jack Piraino II, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| **Recipient Name / Address:** | Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Officer Alden Jamaal Jackson with the MCSO, MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 |
|---|---|
| **Manner of Service:** | Government Agency, Apr 10, 2018, 3:30 pm MST |
| **Documents:** | Summons, Complaint and Demand For Jury Trial (Tort — Non-Motor Vehical), Certificate Re Compulsory Arbitration |

**Additional Comments:**
1) Successful Attempt: Apr 10, 2018, 3:30 pm MST at MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 received by Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Officer Alden Jamaal Jackson with the MCSO. Age: 35-45; Ethnicity: Caucasian; Gender: Male; Weight: 175-185; Height: 5'10"; Hair: Red; Eyes: Blue; Other: Mr. Stoddard's hair was short and a combination of light red/orange and dusty blonde. ;
I personally handed Officer Luke Stoddard all aforementioned documents and briefly explained their contents. Officer Stoddard verbally and physically accepted service.


_____  04/12/2018
Jack Piraino II                           Date
Maricopa County 8700

Quick Courier, LLC
202 E Earll Dr Suite 425
Phoenix, AZ 85012
4803840568

# AFFIDAVIT OF SERVICE

18 APR 13 AM 11: 27

FILED
BY J. GARCIA, DEP



| Case:<br>CV2018-004198 | Court:<br>Superior Court of The State of Arizona | County:<br>Maricopa County | Job:<br>2185763 (Client Billing Reference: Shane McGough) |
|---|---|---|---|

| Plaintiff / Petitioner:<br>Shane McGough, a single man | Defendant / Respondent:<br>Paul Penzone and Veronica Penzone, husband and wife; Maricopa County, a public entity; Shaun Richard Eversole and Jane Doe Eversole, husband and wife; Alden Jamal Jackson and Jane Doe Jackson, husband and wife; John Does 1-10, Jane Does 1-10; Public Entities 1-10 |
|---|---|

| Received by:<br>Quick Courier, LLC | For:<br>The Guy Law Firm, P.L.L.C. |
|---|---|

| To be served upon:<br>Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Officer Shaun Richard Eversole with the MCSO |
|---|

I, Jack Piraino II, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Officer Shaun Richard Eversole with the MCSO, MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 |
|---|---|
| Manner of Service: | Government Agency, Apr 10, 2018, 3:30 pm MST |
| Documents: | Summons, Complaint and Demand For Jury Trial (Tort — Non-Motor Vehical), Certificate Re Compulsory Arbitration |

**Additional Comments:**
1) Successful Attempt: Apr 10, 2018, 3:30 pm MST at MCSO Headquarters: 550 W Jackson St, Phoenix, AZ 85003 received by Officer Luke Stoddard, Detention Officer for the Maricopa County Sheriff's Office (MCSO) acting for the MCSO Legal Leason, on behalf of Officer Shaun Richard Eversole with the MCSO. Age: 35-45; Ethnicity: Caucasian; Gender: Male; Weight: 175-185; Height: 5'10"; Hair: Red; Eyes: Blue; Other: Mr. Stoddard's hair was short and a combination of light red/orange and dusty blonde. ;
I personally handed Officer Luke Stoddard all aforementioned documents and briefly explained their contents. Officer Stoddard verbally and physically accepted service.

_____     04/12/2018
Jack Piraino II                              Date
Maricopa County 8700

Quick Courier, LLC
202 E Earll Dr Suite 425
Phoenix, AZ 85012
4803840568

# **Exhibit B**

Process, Pleadings, and Orders Served on Defendants
and attach copies of all the documents that were served
on our clients

1
Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
2
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
3
Telephone: 480.767.3175
Facsimile: 480.383.6874
4
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff
5

·CLERK·
·BOARD OF SUPERVISOR'S·
·MARICOPA COUNTY·

2018 MAR 27 PM 12:27

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

6
## SUPERIOR COURT OF STATE OF ARIZONA

7
## COUNTY OF MARICOPA

8

9
SHANE MCGOUGH, a single man,.

Plaintiff,
10

11
v.

12
PAUL PENZONE and VERONICA
PENZONE, husband and wife;
13
MARICOPA COUNTY, a public entity;
SHAUN RICHARD EVERSOLE and
14
JANE DOE EVERSOLE, husband and
wife; ALDEN JAMAAL JACKSON, and
15
JANE DOE JACKSON, husband and
wife; JOHN DOES 1-10, JANE DOES 1-
16
10; PUBLIC ENTITIES 1-10.

17
Defendants.

No. CV 2018-004198

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

18

19
THE STATE OF ARIZONA TO THE DEFENDANT:

20
**Maricopa County**
**c/o Fran McCarroll, Clerk**
21
**Maricopa County Board of Supervisors**
**301 W. Jefferson, 10th Floor**
22
**Phoenix, AZ 85003**

23
    YOU ARE HEREBY SUMMONED and required to appear and defend, within the

24
time applicable, in this action in this Court. If served within Arizona, you shall appear and

25
defend within forty (20) days after the service of the Summons and Complaint upon you,

26
exclusive of the day of service. If served outside of the State of Arizona – whether by direct

27
service, or by publication – you shall appear and defend within thirty (30) days after the

28
service of the Summons and Complaint upon you is complete, exclusive of the day of

service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiff's attorney.

The name and address of Plaintiffs' attorney is:

Steven S. Guy
The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, AZ 85258
(480) 767-3175

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this date: _____ COPY

Michael Jeanes
Clerk of the Court MAR 2 3 2018



MICHAEL R. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

By _____
Deputy Clerk



Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

MAR 2 3 2018



MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

## SUPERIOR COURT OF STATE OF ARIZONA

## COUNTY OF MARICOPA

SHANE MCGOUGH, a single man,.

Plaintiff,

v.

PAUL PENZONE and VERONICA
PENZONE, husband and wife;
MARICOPA COUNTY, a public entity;
SHAUN RICHARD EVERSOLE and
JANE DOE EVERSOLE, husband and
wife; ALDEN JAMAAL JACKSON, and
JANE DOE JACKSON, husband and
wife; JOHN DOES 1-10, JANE DOES 1-
10; PUBLIC ENTITIES 1-10.

Defendants.

No. CV 2018-004198

**CERTIFICATE RE COMPULSORY
ARBITRATION**

The undersigned certifies that the largest award sought by plaintiff, but excluding interest, attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory arbitration. This case therefore is NOT subject to arbitration pursuant to the provisions of Rules 72 through 76, Ariz. R. Civ. P.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____
Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff

1 Steven S. Guy (#009106)
 THE GUY LAW FIRM, P.L.L.C.
2 10105 E. Via Linda, Ste. 103
 Scottsdale, Arizona 85258-5326
3 Telephone: 480.767.3175
 Facsimile: 480.383.6874
4 E-Mail: steve@steveguylaw.com
 Attorney for Plaintiff
5

COPY

MAR 2 3 2018



MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

6               **SUPERIOR COURT OF STATE OF ARIZONA**

7                        **COUNTY OF MARICOPA**

8

9 SHANE MCGOUGH, a single man,.          No. ___CV2018-004198___

                Plaintiff,
10                                        **COMPLAINT AND DEMAND FOR**
 v.                                       **JURY TRIAL**
11
 PAUL PENZONE and VERONICA               **(Tort – Non-Motor Vehicle)**
12 PENZONE, husband and wife;
 MARICOPA COUNTY, a public entity;
13 SHAUN RICHARD EVERSOLE and
 JANE DOE EVERSOLE, husband and
14 wife; ALDEN JAMAAL JACKSON, and
 JANE DOE JACKSON, husband and
15 wife; JOHN DOES 1-10, JANE DOES 1-
 10; PUBLIC ENTITIES 1-10.
16
                Defendants.
17

18
        For his Complaint against Defendants, Plaintiff Shane McGough ("Plaintiff"), by
19
 and through his undersigned attorney, alleges as follows:
20
                              **JURISDICTION**
21
        1.      Plaintiff brings this action pursuant to 42 U.S.C. §1983, for violations of the
22
 Fourth and Fourteenth Amendments of the United States Constitution and additional
23
 pendent state common law claims as set forth herein.
24
        2.      Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§12-123
25
 and 12-401 as the parties are residents of Maricopa County, Arizona and the underlying
26
 events out of which this lawsuit arises occurred in Maricopa County, Arizona.
27

28

## PARTIES

3. Defendants Paul Penzone ("Sheriff Penzone") and Veronica Penzone are a married couple residing in Maricopa County, Arizona. All of Sheriff Penzone's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Penzone marital community.

4. Since January 1, 2017, Sheriff Penzone has been the duly-elected and serving Sheriff of Maricopa County, acting under color of law, and in charge of the Maricopa County Sheriff's Office ("MCSO"). Sheriff Penzone is named in both his official capacity, for purposes of Plaintiff's state law vicarious liability and municipal liability claims, and in his individual capacity, for purposes of Plaintiff's claims against him under 42 U.S.C. §1983.

5. Defendant Maricopa County is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and is independently and/or vicariously liable for the wrongful conduct of MCSO and its officers, agents, and employees.

6. Defendants Shaun Richard Eversole ("Deputy Eversole") and Jane Doe Eversole are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Eversole's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Eversole marital community.

7. Jane Doe Eversole's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

8. Defendants Alden Jamaal Jackson ("Deputy Jackson") and Jane Doe Jackson are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Jackson's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Jackson marital community.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

9. Jane Doe Jackson's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

10. At all times pertinent hereto, Deputies Eversole and Jackson were agents and employees of Maricopa County, duly sworn to uphold the Constitution of the United States of America and the Constitution of the State of Arizona, to obey the laws of the State and the United States, and the rules, regulations, and policies of the MCSO, to never abuse the authority vested in them, to uphold the constitutional rights to liberty, equality and justice afforded to all persons, to be honest in thought and deed, and to never misrepresent themselves, be untruthful, nor tolerate such conduct on the part of any other employees of the MCSO.

11. At all times pertinent hereto, Deputies Eversole and Jackson were acting in the course and scope of their employment with Maricopa County and under of color of law.

12. Defendants John Does 1-10, Jane Does 1-10 and Public Entities 1-10 are those persons and public entities who are also directly or vicariously liable for the claims asserted herein but whose identities are either unknown and/or the claims against such persons and entities are not yet ripe for adjudication herein. These persons and public entities hereby are notified of Plaintiff's intention to join them as defendants when their identities are fully known and/or when the claims against them are ripe for adjudication herein.

## COMMON FACTUAL ALLEGATIONS

### MCSO's Culture of Cruelty and Disregard of its Own Policies

13. Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 12 of this Complaint.

14. Despite the oath of office, code of ethics and other written policies and procedures to which every MCSO officer, deputy and employee are supposedly bound, MCSO's leadership has long fostered a culture of cruelty and abuse toward pre-trial detainees.

- 3 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

15.    Joseph Arpaio was Sheriff of Maricopa County for 24 years – from 1993 until he was voted out of office in late 2016 while under investigation for and pending charges of criminal contempt, for which he was later convicted.  From the very beginning and throughout his reign, "Sheriff Joe" spouted a hardline rhetoric toward pretrial detainees, including repeated public statements creating a "culture of cruelty" and implicit authorization of excessive force by detention officers and deputies towards persons in MCSO's custody.

16.    Such rhetoric has caused MCSO employees to understand that it is acceptable for them to disregard their training and official policies and procedures, including use of force policies.  It has led to multiple Department of Justice investigations, lawsuits and findings of a pattern of excessive force, as well as a litany of civil lawsuits and sizable settlements and verdicts for injuries and deaths of persons within MCSO's custody.  It has led as well to federal court rulings that MCSO routinely abused and violated the constitutional rights of pre-trial detainees.

17.    While Arpaio is no longer in control of MCSO, his legacy continues and Sheriff Penzone has not reversed Arpaio's long ingrained culture.  Indeed, it is telling that the deputies involved in the attack and torture of plaintiff out of which this lawsuit arises have apparently not been disciplined by MCSO despite clear video proof of their criminal assault and falsification of official reports.

**Events Leading to the Holding Cell Attack and Torture of Plaintiff**

18.    Plaintiff and three of his friends spent Saturday, July 15, 2017, enjoying a day of casual friendship and tubing on the Salt River in the Tonto National Forest.  They had arrived early that day at the parking and tube rental concession.  Being among the first to arrive, the driver of the group, parked his truck in the parking lot in a spot closest to the tube rental buildings and, after renting some tubes, the group were transported by bus to the upstream embarkment point.  After several hours, the foursome paddled ashore at one of the designated stops, gathered their stuff and caught the bus back to the parking area.

- 4 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3515

19.     While in the parking lot, Plaintiff and one of the group became embroiled in a verbal argument with a cab driver who was parked nearby who falsely claimed that the owner of the truck had damaged his cab while backing out of his parking spot.

20.     The argument escalated in volume and the truck's owner walked away from the scene.   After several minutes, MCSO Deputies, Michael S. Finney and David E. Crissinger, arrived at the scene.

21.     Without permission, Deputy Finney opened the driver's side door of the truck in an apparent search of its interior.   At this point, Plaintiff believed that the truck owner's Fourth Amendment rights were being violated by an illegal search of the truck.   Plaintiff told Deputy Finney that he did not have permission to search the truck.   When Finney continued, Plaintiff reached his arm in between Finney and the open door of the truck while insisting that the attempted search was unlawful.   In doing so, Plaintiff did not physically touch or threaten Finney in any way.

22.     Rather than explain what he was doing, Finney went on the offensive.   In his own words, he "immediately grabbed" Plaintiff and began to shove him several times in the chest while verbally taunting plaintiff.   Finney forcefully grabbed Plaintiff's throat around the Adam's apple, painfully restricting his airway while simultaneously pushing him back against the truck.   Out of fear and shock, and in self-defense, Plaintiff struck Deputy Finney, at which point, Deputy Crissinger jumped in to try to tackle Plaintiff.   In an unfortunate accident, all three persons went to the ground with Crissinger twisting and fracturing his leg.

23.     Plaintiff was then held down, handcuffed, and forced to lay on the ground for lengthy time with his body and face pressed to the hot pavement.   Later, Plaintiff was placed in the back seat of U.S. Forest Service Officer Kelly Fleming's ("Officer Fleming") patrol vehicle.

## The Holding Cell Assault and Torture

24.     Officer Fleming drove Plaintiff to a nearby MCSO substation followed separately by Deputies Jackson and Eversole and a Malinois police dog, Sergeant Shadow.

25.     Upon arriving at the substation, Officer Fleming and Deputies Eversole and Jackson approached the vehicle itching for an opportunity to extract vengeance for their injured fellow officer.  They were poised to fight as they opened the passenger door and aggressively ordered Plaintiff to step out of the vehicle.

26.     Plaintiff was sitting passively in the back seat demanding an explanation of his arrest.  Rather than respond to Plaintiff's inquiry and after a lapse of just a few seconds, Plaintiff was forcibly dragged by his handcuffs out of the vehicle by Deputy Jackson.

27.     Plaintiff was then led by Jackson with one hand on Plaintiff's bicep, into the station and holding cell, with Fleming, Eversole and Shadow right behind.  While Plaintiff was agitated and demanded an explanation for his arrest, he offered no resistance to being led into either the building or the holding cell inside the building.

28.     While handcuffed and seated on the concrete bench in the holding cell, Deputy Jackson, who outweighed Plaintiff by at least 100 pounds, began to try to remove the handcuffs, but had difficulty with the key while Deputy Eversole stood close by with the canine, Shadow, barking menacingly at Plaintiff.

29.     Jackson tossed one set of keys toward another unknown deputy who was standing in the doorway of the holding cell while Plaintiff continued to protest and question his arrest.  Plaintiff did nothing even remotely suggestive of fighting.   In fact, he sat on the bench for more than 30 seconds while Jackson continued to fumble with another set of handcuff keys.

30.     In frustration from Jackson's actions, the dog's furious barking, and the deputies' refusal to answer his questions, Plaintiff attempted only to stand up, a non-aggressive movement that lasted only a second.  In response, Jackson forcibly pushed Plaintiff back down to the bench.  During that fleeting movement, despite that Plaintiff was

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

1   , cuffed, in a secure holding cell and surrounded by armed law enforcement officers, Deputy

2   Eversole attempted to deploy Sergeant Shadow, who through training or instinct saw no

3   threat and did not engage Plaintiff who immediately sat back down on the bench, head

4   down, with his cuffed hands in his lap.

5       31.     Seconds later, while Plaintiff was still seated on the bench with Jackson's

6   massive body looming over him, Deputy Fleming assaulted Plaintiff with a forcible two-

7   handed grab at his throat.  Plaintiff then yelled at Fleming who responded with another

8   forcible two-handed jab to the throat.  Again, Plaintiff did nothing in response except to

9   verbally insult Officer Fleming.  At that point, though Plaintiff was not fighting or resisting,

10  Jackson yanked Plaintiff off the holding cell bench, pivoted and hurled Plaintiff to the back

11  of the holding cell and forced him to the ground.

12      32.     While Jackson was taking Plaintiff to the ground, Plaintiff again showed he

13  would not resist, yelling, "I'll get on the ground."  Despite Plaintiff's lack of resistance and

14  despite that the much larger Jackson had complete control over Plaintiff, Deputy Eversole

15  again deployed Sergeant Shadow and this time the dog obeyed.  Shadow commenced a

16  horrific and prolonged attack on Plaintiff while he was helplessly pinned to the ground by

17  the massive Jackson, whose knee was squarely on Plaintiff's abdomen while he continued

18  to try to remove the handcuffs.  Throughout this attack Plaintiff continued to scream in

19  agony that he was complying, that he had done nothing wrong, that he was in pain and

20  repeatedly begged the deputies to call the dog off.

21      33.     Neither Deputy Jackson, nor Officer Fleming or any of the other unknown

22  deputies at the substation intervened or otherwise attempted to stop the vicious and

23  prolonged canine attack instigated by Deputy Eversole.  Instead, Deputy Jackson rolled

24  Plaintiff over to his stomach to better expose Plaintiff's buttocks to the dog, who all the

25  while was ripping and tearing at Plaintiff's flesh.  Throughout the remainder of the relentless

26  attack, Jackson was continuing to press Plaintiff's body and face to the hard-concrete floor

27

28

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

of the cell. This continued for over three minutes while Jackson and other deputies were continuing to try to remove the handcuffs and Officer Fleming remained mute.

34.     The canine, Shadow, ravaged Plaintiff's backside for more than three minutes before Eversole disengaged the dog after which the deputies continued their effort to remove the handcuffs with Plaintiff lying bloody and injured on the floor of the cell. The horrific torture of Plaintiff was captured on Eversole's and Jackson's Body Worn Cameras ("Body Cams").

### The False and Misleading Incident Reports

35.     The Body Cam videos clearly and unambiguously show that the holding cell attack on Plaintiff was a criminal act by MCSO employees Eversole and Jackson, and U.S. Forest Service Officer Fleming. However, that was not the end of the MCSO deputies' criminal activity. Deputies Jackson and Eversole compounded their criminal conduct by filing false and misleading incident reports regarding the attack.

36.     A comparison of the Body Cam video evidence with the later prepared incident reports reveal that deputies Jackson and Eversole repeatedly lied in their official reports.

37.     Deputy Jackson lied when he claimed that Plaintiff physically resisted and tried to "prevent" the deputies from escorting him into the station and holding cell. Likewise, Deputy Eversole lied when he reported that Plaintiff was "actively attempting to pull away from" Jackson as Plaintiff was escorted into the building. The Body Cam videos prove otherwise.

38.     Deputy Jackson lied again when he claimed that Plaintiff "displayed active aggression by standing up and lunging toward us as if he was attempting to engage in a fight" and that he was "attempting to use the handcuffs as a weapon." Eversole tried to corroborate that lie by, saying "McGough made an overt movement off the bench and began to actively fight Deputy Jackson." Again, the Body Cam videos prove otherwise.

39.     Deputy Jackson lied again when he said Plaintiff "attempted to lunge at us a

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

second time before being pushed back onto the bench again" and that Plaintiff was "actively resisting the handcuffs being removed" and that he "kicked me [Jackson], Officer Fleming and Deputy Eversole as he flailed around on the concrete bench." Again, the Body Cam videos prove otherwise.

40. Likewise, though tellingly inconsistent with Jackson's report, Eversole lied when he reported that Plaintiff "continued to fight Deputy Jackson as well as kicking [only] Officer Fleming." Again, the video shows otherwise.

41. Both Deputies lied about the reason that Deputy Jackson jerked Plaintiff off the bench. Both reported it was because of active fighting when in truth Plaintiff was not fighting and had merely insulted Officer Fleming after she assaulted him.

42. Deputy Eversole's report of the reason he engaged Sergeant Shadow is a particularly sinister lie designed to try to cover up his clear violation of MCSO use of force and canine policies. He said, "In order to stop the active aggression from McGough and prevent further injuries to law enforcement officer, I deployed Canine Shadow with a placement bite on the upper rear of McGough's right thigh." The video on the other hand demonstrates that the deployment of the dog was a vengeful and over the top use of force contrary to MCSO Policies CP-1 and GJ-25. Plaintiff was a handcuffed detainee, fully secured in a holding cell, he was being assaulted by Fleming and was surrounded by a gang of armed law enforcement officers, including Officer Jackson who outweighed Plaintiff by at least 100 lbs. and had total control over Plaintiff.

43. Deputy Eversole's suggestion that Plaintiff was a threat to anyone in the holding cell and that the attack on Plaintiff was justified is an extreme and outrageous lie designed to mask his, deputy Jackson's and Officer Fleming's criminal conduct.

44. In reliance upon the falsified reports by Jackson and Eversole, the State brought multiple felony assault charges against Plaintiff. Counts 3 and 4 of the criminal complaint alleged that Plaintiff committed Assault and Aggravated Assault on Deputy Jackson and Officer Fleming. Count 5 alleged that Plaintiff resisted arrest by using or

- 9 -

threatening physical force against Jackson, Fleming and Eversole. These charges were false, malicious and without probable cause and were later dismissed. Jackson, Fleming and Eversole aided and abetted those false charges through their false reporting.

## COUNT ONE – BATTERY

### (As to All Defendants)

45. The allegations of Paragraphs 1 through 44 of this Complaint are incorporated herein.

46. Defendants' conduct as described herein constitutes the tort of battery. Such conduct was a violation of A.R.S. §§13-409 and 13-410 resulting in unreasonably offensive and injurious contact to Plaintiff committed without justification and with the intent to seriously harm and injure Plaintiff;

47. As a direct and proximate cause of defendants' battery, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

## COUNT TWO – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS – FOURTH AND FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. §1983

### (As to All Defendants)

48. The allegations of Paragraphs 1 through 47 of this Complaint are incorporated herein.

49. While MCSO has adopted written policies and procedures regarding the use of force, including Policy CP-1, as described above for many years under the leadership of former Sheriff Arpaio and now current Sheriff Penzone, MCSO's actual unwritten though routinely sanctioned policy is one of implicit authorization of the use of excessive force to punish pretrial detainees or at a minimum MCSO has fostered an attitude of complete indifference to its written policies and procedures.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.1175

50.     MCSO has employed a pattern and practice of authorizing or being deliberately indifferent to the excessive use of force by its agents, employees and deputies against pretrial detainees.

51.     MCSO has been repeatedly sanctioned in the courts and in civil verdicts and settlements based upon its pattern and practice of authorizing or being indifferent to excessive use of force by its agents, employees and deputies against pretrial detainees.

52.     Though pretrial detainees have not been found guilty of any crime, MCSO's leadership has long espoused and authorized a policy that its detention facilities should be "places of punishment," that detainees should be "educated through punishment" and that such facilities should be run like World War II era concentration camps.

53.     Deputies Eversole and Jackson acted pursuant to MCSO's, Sheriff Arpaio's and Sheriff Penzone's implicit authorization of excessive use of force and imposition of punishment by wrongfully assaulting Plaintiff, directing the canine, Shadow, to attack and torture Plaintiff while he was helpless and pinned to the ground and, in Deputy Jackson's case, by failing to intervene and stop the canine attack instigated by Eversole.

54.     Pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), Sheriff Penzone and Maricopa County are independently liable for the acts of Deputies Eversole and Jackson.

55.     All defendants acted under color of law.

56.     Deputies Eversole, Jackson and Penzone are liable to Plaintiff pursuant to 42 U.S.C. §1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

57.     As a direct and proximate cause of defendant's reckless disregard of Plaintiff's constitutional rights, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

58. The above acts were committed intentionally or recklessly and with an "evil mind" and with a conscious disregard of Plaintiff's rights and interests. Accordingly, Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to an award of punitive damages against the individually named defendants.

59. Plaintiff is also entitled to an award of costs and attorney's fees Pursuant to 42 U.S.C. §1983.

## COUNT THREE – RECKLESS OR NEGLIGENT CONDUCT

### (As to all Defendants)

60. The allegations of Paragraphs 1 through 59 of this Complaint are incorporated herein.

61. Defendants owed a duty of reasonable care to Plaintiff, a pretrial detainee, in their detention of him. Such duty included the duty to refrain from the use of excessive force and keep Plaintiff safe while in their custody and to intervene and protect Plaintiff from risks of harm presented by overzealous law enforcement officers.

62. The harm caused by defendants, including Deputies Eversole and Jackson, was foreseeable.

63. Upon information and belief, defendant Maricopa County failed to perform an adequate background check on its employees, including Deputies Eversole and Jackson and/or otherwise failed to evaluate their suitability for the jobs they were given.

64. Upon information and belief, defendant Maricopa County failed to provide adequate training to its employees, Deputies Eversole and Jackson.

65. Upon information and belief, defendant Maricopa County failed to provide adequate supervision of its employees, Deputies Eversole and Jackson.

66. At all times pertinent hereto, defendants were reckless or negligent in their detention of Plaintiff and their excessive use of physical and potentially deadly force against Plaintiff. Defendants Maricopa County and Penzone were reckless or negligent in their hiring, supervision and training of Deputies Eversole and Jackson.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3115

67.     As a direct and proximate cause of defendants' recklessness or negligence, Plaintiff suffered serious bodily injury, pain, suffering, anguish, emotional distress and incurred and will likely continue to incur economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

68.     Plaintiff hereby requests and demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs request that judgment be entered against defendants, jointly and severally and against their marital communities, as follows:

A.      Awarding Plaintiff's special and general damages in an amount to be proved at trial;

B.      Awarding punitive damages pursuant to 42 U.S.C. §1983 against the individually named defendants in an amount to be proved at trial;

C.      Awarding Plaintiff's taxable costs and attorneys' fees pursuant to 42 U.S.C. §1983; and

D.      For such other and further relief as the Court deems just and proper.

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____
Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

3/27/18 @ 1155 Hours
JACK PIRAINO MC8700
OFFICIAL STANDARD 821/6
ON BEHALF OF SHERIFF
PAUL PENZONE

S+C          PS

RECEIVED MAR 2 7 2018

26339732          LR

KAG X3615
3/28/18

Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

**SUPERIOR COURT OF STATE OF ARIZONA**

**COUNTY OF MARICOPA**

SHANE MCGOUGH, a single man,.

Plaintiff,

v.

PAUL PENZONE and VERONICA
PENZONE, husband and wife;
MARICOPA COUNTY, a public entity;
SHAUN RICHARD EVERSOLE and
JANE DOE EVERSOLE, husband and
wife; ALDEN JAMAAL JACKSON, and
JANE DOE JACKSON, husband and
wife; JOHN DOES 1-10, JANE DOES 1-
10; PUBLIC ENTITIES 1-10.

Defendants.

No. CV 2018-004198

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

THE STATE OF ARIZONA TO THE DEFENDANT:

**Paul Penzone**
**Maricopa County Sheriff's Office**
**Legal Liaison**
**550 W. Jackson Street**
**Phoenix, AZ 85003**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the

time applicable, in this action in this Court. If served within Arizona, you shall appear and

defend within forty (20) days after the service of the Summons and Complaint upon you,

exclusive of the day of service. If served outside of the State of Arizona – whether by direct

service, or by publication – you shall appear and defend within thirty (30) days after the

service of the Summons and Complaint upon you is complete, exclusive of the day of

service. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiff's attorney.

The name and address of Plaintiffs' attorney is:

> Steven S. Guy
> The Guy Law Firm, P.L.L.C.
> 10105 E. Via Linda, Ste. 103
> Scottsdale, AZ 85258
> (480) 767-3175

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this date: _____.

Michael Jeanes 
Clerk of the Court

MAR 2 3 2018

By  MICHAEL K. JEANES, CLERK
Deputy Clerk          A. S. ROMERO
                      DEPUTY CLERK

- 2 -

1  Steven S. Guy (#009106)
   THE GUY LAW FIRM, P.L.L.C.
2  10105 E. Via Linda, Ste. 103
   Scottsdale, Arizona 85258-5326
3  Telephone:  480.767.3175
   Facsimile:  480.383.6874
4  E-Mail: steve@steveguylaw.com
   Attorney for Plaintiff



COPY

MAR 2 3 2018

MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

6  **SUPERIOR COURT OF STATE OF ARIZONA**

7  **COUNTY OF MARICOPA**

8  SHANE MCGOUGH, a single man,.

9                    Plaintiff,

No. CV 2018-004198

10 v.

**CERTIFICATE RE COMPULSORY ARBITRATION**

11 PAUL PENZONE and VERONICA
12 PENZONE, husband and wife;
   MARICOPA COUNTY, a public entity;
13 SHAUN RICHARD EVERSOLE and
   JANE DOE EVERSOLE, husband and
14 wife; ALDEN JAMAAL JACKSON, and
   JANE DOE JACKSON, husband and
15 wife; JOHN DOES 1-10, JANE DOES 1-
   10; PUBLIC ENTITIES 1-10.
16
                    Defendants.
17

18

19
        The undersigned certifies that the largest award sought by plaintiff,  but excluding
20
   interest, attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory
21
   arbitration.  This case therefore is NOT subject to arbitration pursuant to the provisions of
22
   Rules 72 through 76, Ariz. R. Civ. P.
23

24

25

26

27

28

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____

Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff

Steven S. Guy (#009106)
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Telephone: 480.767.3175
Facsimile: 480.383.6874
E-Mail: steve@steveguylaw.com
Attorney for Plaintiff

COPY

MAR 2 3 2018

MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

## SUPERIOR COURT OF STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| SHANE MCGOUGH, a single man,.<br><br>Plaintiff,<br><br>v.<br><br>PAUL PENZONE and VERONICA PENZONE, husband and wife; MARICOPA COUNTY, a public entity; SHAUN RICHARD EVERSOLE and JANE DOE EVERSOLE, husband and wife; ALDEN JAMAAL JACKSON, and JANE DOE JACKSON, husband and wife; JOHN DOES 1-10, JANE DOES 1-10; PUBLIC ENTITIES 1-10.<br><br>Defendants. | No. CV 2018-004198<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Tort – Non-Motor Vehicle)** |

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

For his Complaint against Defendants, Plaintiff Shane McGough ("Plaintiff"), by and through his undersigned attorney, alleges as follows:

## JURISDICTION

1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution and additional pendent state common law claims as set forth herein.

2.     Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§12-123 and 12-401 as the parties are residents of Maricopa County, Arizona and the underlying events out of which this lawsuit arises occurred in Maricopa County, Arizona.

## PARTIES

3.      Defendants Paul Penzone ("Sheriff Penzone") and Veronica Penzone are a married couple residing in Maricopa County, Arizona. All of Sheriff Penzone's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Penzone marital community.

4.      Since January 1, 2017, Sheriff Penzone has been the duly-elected and serving Sheriff of Maricopa County, acting under color of law, and in charge of the Maricopa County Sheriff's Office ("MCSO"). Sheriff Penzone is named in both his official capacity, for purposes of Plaintiff's state law vicarious liability and municipal liability claims, and in his individual capacity, for purposes of Plaintiff's claims against him under 42 U.S.C. §1983.

5.      Defendant Maricopa County is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and is independently and/or vicariously liable for the wrongful conduct of MCSO and its officers, agents, and employees.

6.      Defendants Shaun Richard Eversole ("Deputy Eversole") and Jane Doe Eversole are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Eversole's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Eversole marital community.

7.      Jane Doe Eversole's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

8.      Defendants Alden Jamaal Jackson ("Deputy Jackson") and Jane Doe Jackson are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Jackson's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Jackson marital community.

9.	Jane Doe Jackson's true name is unknown to Plaintiff.  As such, she is named herein fictitiously.  When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

10.	At all times pertinent hereto, Deputies Eversole and Jackson were agents and employees of Maricopa County, duly sworn to uphold the Constitution of the United States of America and the Constitution of the State of Arizona, to obey the laws of the State and the United States, and the rules, regulations, and policies of the MCSO, to never abuse the authority vested in them, to uphold the constitutional rights to liberty, equality and justice afforded to all persons, to be honest in thought and deed, and to never misrepresent themselves, be untruthful, nor tolerate such conduct on the part of any other employees of the MCSO.

11.	At all times pertinent hereto, Deputies Eversole and Jackson were acting in the course and scope of their employment with Maricopa County and under of color of law.

12.	Defendants John Does 1-10, Jane Does 1-10 and Public Entities 1-10 are those persons and public entities who are also directly or vicariously liable for the claims asserted herein but whose identities are either unknown and/or the claims against such persons and entities are not yet ripe for adjudication herein.   These persons and public entities hereby are notified of Plaintiff's intention to join them as defendants when their identities are fully known and/or when the claims against them are ripe for adjudication herein.

## COMMON FACTUAL ALLEGATIONS

### MCSO's Culture of Cruelty and Disregard of its Own Policies

13.	Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 12 of this Complaint.

14.	Despite the oath of office, code of ethics and other written policies and procedures to which every MCSO officer, deputy and employee are supposedly bound, MCSO's leadership has long fostered a culture of cruelty and abuse toward pre-trial detainees.

15.     Joseph Arpaio was Sheriff of Maricopa County for 24 years – from 1993 until he was voted out of office in late 2016 while under investigation for and pending charges of criminal contempt, for which he was later convicted.  From the very beginning and throughout his reign, "Sheriff Joe" spouted a hardline rhetoric toward pretrial detainees, including repeated public statements creating a "culture of cruelty" and implicit authorization of excessive force by detention officers and deputies towards persons in MCSO's custody.

16.     Such rhetoric has caused MCSO employees to understand that it is acceptable for them to disregard their training and official policies and procedures, including use of force policies.  It has led to multiple Department of Justice investigations, lawsuits and findings of a pattern of excessive force, as well as a litany of civil lawsuits and sizable settlements and verdicts for injuries and deaths of persons within MCSO's custody.  It has led as well to federal court rulings that MCSO routinely abused and violated the constitutional rights of pre-trial detainees.

17.     While Arpaio is no longer in control of MCSO, his legacy continues and Sheriff Penzone has not reversed Arpaio's long ingrained culture.  Indeed, it is telling that the deputies involved in the attack and torture of plaintiff out of which this lawsuit arises have apparently not been disciplined by MCSO despite clear video proof of their criminal assault and falsification of official reports.

**Events Leading to the Holding Cell Attack and Torture of Plaintiff**

18.     Plaintiff and three of his friends spent Saturday, July 15, 2017, enjoying a day of casual friendship and tubing on the Salt River in the Tonto National Forest.  They had arrived early that day at the parking and tube rental concession.  Being among the first to arrive, the driver of the group, parked his truck in the parking lot in a spot closest to the tube rental buildings and, after renting some tubes, the group were transported by bus to the upstream embarkment point.  After several hours, the foursome paddled ashore at one of the designated stops, gathered their stuff and caught the bus back to the parking area.

- 4 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5316
480.767.3175

19.     While in the parking lot, Plaintiff and one of the group became embroiled in a verbal argument with a cab driver who was parked nearby who falsely claimed that the owner of the truck had damaged his cab while backing out of his parking spot.

20.     The argument escalated in volume and the truck's owner walked away from the scene.  After several minutes, MCSO Deputies, Michael S. Finney and David E. Crissinger, arrived at the scene.

21.     Without permission, Deputy Finney opened the driver's side door of the truck in an apparent search of its interior.  At this point, Plaintiff believed that the truck owner's Fourth Amendment rights were being violated by an illegal search of the truck.  Plaintiff told Deputy Finney that he did not have permission to search the truck.  When Finney continued, Plaintiff reached his arm in between Finney and the open door of the truck while insisting that the attempted search was unlawful.  In doing so, Plaintiff did not physically touch or threaten Finney in any way.

22.     Rather than explain what he was doing, Finney went on the offensive.  In his own words, he "immediately grabbed" Plaintiff and began to shove him several times in the chest while verbally taunting plaintiff.  Finney forcefully grabbed Plaintiff's throat around the Adam's apple, painfully restricting his airway while simultaneously pushing him back against the truck.  Out of fear and shock, and in self-defense, Plaintiff struck Deputy Finney, at which point, Deputy Crissinger jumped in to try to tackle Plaintiff.  In an unfortunate accident, all three persons went to the ground with Crissinger twisting and fracturing his leg.

23.     Plaintiff was then held down, handcuffed, and forced to lay on the ground for lengthy time with his body and face pressed to the hot pavement.  Later, Plaintiff was placed in the back seat of U.S. Forest Service Officer Kelly Fleming's ("Officer Fleming") patrol vehicle.

## The Holding Cell Assault and Torture

24. Officer Fleming drove Plaintiff to a nearby MCSO substation followed separately by Deputies Jackson and Eversole and a Malinois police dog, Sergeant Shadow.

25. Upon arriving at the substation, Officer Fleming and Deputies Eversole and Jackson approached the vehicle itching for an opportunity to extract vengeance for their injured fellow officer. They were poised to fight as they opened the passenger door and aggressively ordered Plaintiff to step out of the vehicle.

26. Plaintiff was sitting passively in the back seat demanding an explanation of his arrest. Rather than respond to Plaintiff's inquiry and after a lapse of just a few seconds, Plaintiff was forcibly dragged by his handcuffs out of the vehicle by Deputy Jackson.

27. Plaintiff was then led by Jackson with one hand on Plaintiff's bicep, into the station and holding cell, with Fleming, Eversole and Shadow right behind. While Plaintiff was agitated and demanded an explanation for his arrest, he offered no resistance to being led into either the building or the holding cell inside the building.

28. While handcuffed and seated on the concrete bench in the holding cell, Deputy Jackson, who outweighed Plaintiff by at least 100 pounds, began to try to remove the handcuffs, but had difficulty with the key while Deputy Eversole stood close by with the canine, Shadow, barking menacingly at Plaintiff.

29. Jackson tossed one set of keys toward another unknown deputy who was standing in the doorway of the holding cell while Plaintiff continued to protest and question his arrest. Plaintiff did nothing even remotely suggestive of fighting. In fact, he sat on the bench for more than 30 seconds while Jackson continued to fumble with another set of handcuff keys.

30. In frustration from Jackson's actions, the dog's furious barking, and the deputies' refusal to answer his questions, Plaintiff attempted only to stand up, a non-aggressive movement that lasted only a second. In response, Jackson forcibly pushed Plaintiff back down to the bench. During that fleeting movement, despite that Plaintiff was

- 6 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5316
480.767.3175

cuffed, in a secure holding cell and surrounded by armed law enforcement officers, Deputy Eversole attempted to deploy Sergeant Shadow, who through training or instinct saw no threat and did not engage Plaintiff who immediately sat back down on the bench, head down, with his cuffed hands in his lap.

31.     Seconds later, while Plaintiff was still seated on the bench with Jackson's massive body looming over him, Deputy Fleming assaulted Plaintiff with a forcible two-handed grab at his throat. Plaintiff then yelled at Fleming who responded with another forcible two-handed jab to the throat. Again, Plaintiff did nothing in response except to verbally insult Officer Fleming. At that point, though Plaintiff was not fighting or resisting, Jackson yanked Plaintiff off the holding cell bench, pivoted and hurled Plaintiff to the back of the holding cell and forced him to the ground.

32.     While Jackson was taking Plaintiff to the ground, Plaintiff again showed he would not resist, yelling, "I'll get on the ground." Despite Plaintiff's lack of resistance and despite that the much larger Jackson had complete control over Plaintiff, Deputy Eversole again deployed Sergeant Shadow and this time the dog obeyed. Shadow commenced a horrific and prolonged attack on Plaintiff while he was helplessly pinned to the ground by the massive Jackson, whose knee was squarely on Plaintiff's abdomen while he continued to try to remove the handcuffs. Throughout this attack Plaintiff continued to scream in agony that he was complying, that he had done nothing wrong, that he was in pain and repeatedly begged the deputies to call the dog off.

33.     Neither Deputy Jackson, nor Officer Fleming or any of the other unknown deputies at the substation intervened or otherwise attempted to stop the vicious and prolonged canine attack instigated by Deputy Eversole. Instead, Deputy Jackson rolled Plaintiff over to his stomach to better expose Plaintiff's buttocks to the dog, who all the while was ripping and tearing at Plaintiff's flesh. Throughout the remainder of the relentless attack, Jackson was continuing to press Plaintiff's body and face to the hard-concrete floor

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

of the cell. This continued for over three minutes while Jackson and other deputies were continuing to try to remove the handcuffs and Officer Fleming remained mute.

34. The canine, Shadow, ravaged Plaintiff's backside for more than three minutes before Eversole disengaged the dog after which the deputies continued their effort to remove the handcuffs with Plaintiff lying bloody and injured on the floor of the cell. The horrific torture of Plaintiff was captured on Eversole's and Jackson's Body Worn Cameras ("Body Cams").

## The False and Misleading Incident Reports

35. The Body Cam videos clearly and unambiguously show that the holding cell attack on Plaintiff was a criminal act by MCSO employees Eversole and Jackson, and U.S. Forest Service Officer Fleming. However, that was not the end of the MCSO deputies' criminal activity. Deputies Jackson and Eversole compounded their criminal conduct by filing false and misleading incident reports regarding the attack.

36. A comparison of the Body Cam video evidence with the later prepared incident reports reveal that deputies Jackson and Eversole repeatedly lied in their official reports.

37. Deputy Jackson lied when he claimed that Plaintiff physically resisted and tried to "prevent" the deputies from escorting him into the station and holding cell. Likewise, Deputy Eversole lied when he reported that Plaintiff was "actively attempting to pull away from" Jackson as Plaintiff was escorted into the building. The Body Cam videos prove otherwise.

38. Deputy Jackson lied again when he claimed that Plaintiff "displayed active aggression by standing up and lunging toward us as if he was attempting to engage in a fight" and that he was "attempting to use the handcuffs as a weapon." Eversole tried to corroborate that lie by, saying "McGough made an overt movement off the bench and began to actively fight Deputy Jackson." Again, the Body Cam videos prove otherwise.

39. Deputy Jackson lied again when he said Plaintiff "attempted to lunge at us a

second time before being pushed back onto the bench again" and that Plaintiff was "actively resisting the handcuffs being removed" and that he "kicked me [Jackson], Officer Fleming and Deputy Eversole as he flailed around on the concrete bench." Again, the Body Cam videos prove otherwise.

40. Likewise, though tellingly inconsistent with Jackson's report, Eversole lied when he reported that Plaintiff "continued to fight Deputy Jackson as well as kicking [only] Officer Fleming." Again, the video shows otherwise.

41. Both Deputies lied about the reason that Deputy Jackson jerked Plaintiff off the bench. Both reported it was because of active fighting when in truth Plaintiff was not fighting and had merely insulted Officer Fleming after she assaulted him.

42. Deputy Eversole's report of the reason he engaged Sergeant Shadow is a particularly sinister lie designed to try to cover up his clear violation of MCSO use of force and canine policies. He said, "In order to stop the active aggression from McGough and prevent further injuries to law enforcement officer, I deployed Canine Shadow with a placement bite on the upper rear of McGough's right thigh." The video on the other hand demonstrates that the deployment of the dog was a vengeful and over the top use of force contrary to MCSO Policies CP-1 and GJ-25. Plaintiff was a handcuffed detainee, fully secured in a holding cell, he was being assaulted by Fleming and was surrounded by a gang of armed law enforcement officers, including Officer Jackson who outweighed Plaintiff by at least 100 lbs. and had total control over Plaintiff.

43. Deputy Eversole's suggestion that Plaintiff was a threat to anyone in the holding cell and that the attack on Plaintiff was justified is an extreme and outrageous lie designed to mask his, deputy Jackson's and Officer Fleming's criminal conduct.

44. In reliance upon the falsified reports by Jackson and Eversole, the State brought multiple felony assault charges against Plaintiff. Counts 3 and 4 of the criminal complaint alleged that Plaintiff committed Assault and Aggravated Assault on Deputy Jackson and Officer Fleming. Count 5 alleged that Plaintiff resisted arrest by using or

- 9 -

threatening physical force against Jackson, Fleming and Eversole. These charges were false, malicious and without probable cause and were later dismissed. Jackson, Fleming and Eversole aided and abetted those false charges through their false reporting.

## COUNT ONE – BATTERY

### (As to All Defendants)

45.     The allegations of Paragraphs 1 through 44 of this Complaint are incorporated herein.

46.     Defendants' conduct as described herein constitutes the tort of battery. Such conduct was a violation of A.R.S. §§13-409 and 13-410 resulting in unreasonably offensive and injurious contact to Plaintiff committed without justification and with the intent to seriously harm and injure Plaintiff;

47.     As a direct and proximate cause of defendants' battery, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

## COUNT TWO – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS – FOURTH AND FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. §1983

### (As to All Defendants)

48.     The allegations of Paragraphs 1 through 47 of this Complaint are incorporated herein.

49.     While MCSO has adopted written policies and procedures regarding the use of force, including Policy CP-1, as described above for many years under the leadership of former Sheriff Arpaio and now current Sheriff Penzone, MCSO's actual unwritten though routinely sanctioned policy is one of implicit authorization of the use of excessive force to punish pretrial detainees or at a minimum MCSO has fostered an attitude of complete indifference to its written policies and procedures.

- 10 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.702.3175

50.     MCSO has employed a pattern and practice of authorizing or being deliberately indifferent to the excessive use of force by its agents, employees and deputies against pretrial detainees.

51.     MCSO has been repeatedly sanctioned in the courts and in civil verdicts and settlements based upon its pattern and practice of authorizing or being indifferent to excessive use of force by its agents, employees and deputies against pretrial detainees.

52.     Though pretrial detainees have not been found guilty of any crime, MCSO's leadership has long espoused and authorized a policy that its detention facilities should be "places of punishment," that detainees should be "educated through punishment" and that such facilities should be run like World War II era concentration camps.

53.     Deputies Eversole and Jackson acted pursuant to MCSO's, Sheriff Arpaio's and Sheriff Penzone's implicit authorization of excessive use of force and imposition of punishment by wrongfully assaulting Plaintiff, directing the canine, Shadow, to attack and torture Plaintiff while he was helpless and pinned to the ground and, in Deputy Jackson's case, by failing to intervene and stop the canine attack instigated by Eversole.

54.     Pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), Sheriff Penzone and Maricopa County are independently liable for the acts of Deputies Eversole and Jackson.

55.     All defendants acted under color of law.

56.     Deputies Eversole, Jackson and Penzone are liable to Plaintiff pursuant to 42 U.S.C. §1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

57.     As a direct and proximate cause of defendant's reckless disregard of Plaintiff's constitutional rights, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

- 11 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

58.     The above acts were committed intentionally or recklessly and with an "evil mind" and with a conscious disregard of Plaintiff's rights and interests. Accordingly, Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to an award of punitive damages against the individually named defendants.

59.     Plaintiff is also entitled to an award of costs and attorney's fees Pursuant to 42 U.S.C. §1983.

## COUNT THREE – RECKLESS OR NEGLIGENT CONDUCT

### (As to all Defendants)

60.     The allegations of Paragraphs 1 through 59 of this Complaint are incorporated herein.

61.     Defendants owed a duty of reasonable care to Plaintiff, a pretrial detainee, in their detention of him. Such duty included the duty to refrain from the use of excessive force and keep Plaintiff safe while in their custody and to intervene and protect Plaintiff from risks of harm presented by overzealous law enforcement officers.

62.     The harm caused by defendants, including Deputies Eversole and Jackson, was foreseeable.

63.     Upon information and belief, defendant Maricopa County failed to perform an adequate background check on its employees, including Deputies Eversole and Jackson and/or otherwise failed to evaluate their suitability for the jobs they were given.

64.     Upon information and belief, defendant Maricopa County failed to provide adequate training to its employees, Deputies Eversole and Jackson.

65.     Upon information and belief, defendant Maricopa County failed to provide adequate supervision of its employees, Deputies Eversole and Jackson.

66.     At all times pertinent hereto, defendants were reckless or negligent in their detention of Plaintiff and their excessive use of physical and potentially deadly force against Plaintiff. Defendants Maricopa County and Penzone were reckless or negligent in their hiring, supervision and training of Deputies Eversole and Jackson.

67.   As a direct and proximate cause of defendants' recklessness or negligence, Plaintiff suffered serious bodily injury, pain, suffering, anguish, emotional distress and incurred and will likely continue to incur economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

68.   Plaintiff hereby requests and demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs request that judgment be entered against defendants, jointly and severally and against their marital communities, as follows:

A.   Awarding Plaintiff's special and general damages in an amount to be proved at trial;

B.   Awarding punitive damages pursuant to 42 U.S.C. §1983 against the individually named defendants in an amount to be proved at trial;

C.   Awarding Plaintiff's taxable costs and attorneys' fees pursuant to 42 U.S.C. §1983; and

D.   For such other and further relief as the Court deems just and proper.

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____
Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff

# ORIGINAL

4/10/18 @ 1530 HOURS
JACK PIRAINO #8700
OFFICER STODDARD 15211
ON BEHALF OF ALDEN JACKSON
S1799

RECEIVED APR 1 0 2018

ORIGINAL Keg# 20339732

KH6
X3615
4/11/18

1
2  Steven S. Guy (#009106)
   THE GUY LAW FIRM, P.L.L.C.
3  10105 E. Via Linda, Ste. 103
   Scottsdale, Arizona 85258-5326
4  Telephone: 480.767.3175
   Facsimile: 480.383.6874
5  E-Mail: steve@steveguylaw.com
   Attorney for Plaintiff

6

7  **SUPERIOR COURT OF STATE OF ARIZONA**

8  **COUNTY OF MARICOPA**

9

10 SHANE MCGOUGH, a single man,.        No. _____ CV 2018-004198

11               Plaintiff,             **SUMMONS**

12 v.                                    If you would like legal advice from a lawyer,
                                         contact the Lawyer Referral Service at
13 PAUL PENZONE and VERONICA                        602-257-4434
   PENZONE, husband and wife;                          or
14 MARICOPA COUNTY, a public entity;    www.maricopalawyers.org
   SHAUN RICHARD EVERSOLE and                   Sponsored by the
15 JANE DOE EVERSOLE, husband and       Maricopa County Bar Association
   wife; ALDEN JAMAAL JACKSON, and
16 JANE DOE JACKSON, husband and
   wife; JOHN DOES 1-10, JANE DOES 1-
17 10; PUBLIC ENTITIES 1-10.

18               Defendants.

19

20 THE STATE OF ARIZONA TO THE DEFENDANT:

21 **Alden Jamaal Jackson**

22    YOU ARE HEREBY SUMMONED and required to appear and defend, within the

23 time applicable, in this action in this Court. If served within Arizona, you shall appear and

24 defend within forty (20) days after the service of the Summons and Complaint upon you,

25 exclusive of the day of service. If served outside of the State of Arizona – whether by direct

26 service, or by publication – you shall appear and defend within thirty (30) days after the

27 service of the Summons and Complaint upon you is complete, exclusive of the day of

28 service. Service by publication is complete thirty (30) days after the date of first publication.

*(left margin, vertical:)* The Guy Law Firm, P.L.L.C. 10105 E. Via Linda, Suite 103 Scottsdale, Arizona 85258-5326 480.767.3175

Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiff's attorney.

The name and address of Plaintiffs' attorney is:

> Steven S. Guy
> The Guy Law Firm, P.L.L.C.
> 10105 E. Via Linda, Ste. 103
> Scottsdale, AZ 85258
> (480) 767-3175

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this date: _____ MAR 2 3 2018 _____.



Michael Jeanes
Clerk of the Court

MICHAEL K. JEANES, CLERK

By _____
Deputy Clerk

A. S. Romero
Deputy Clerk

- 2 -

ORIGINAL

4/10/18 @ 1530 Hours
JACK PIRANO #8700
OFFICER STODDARD B2116
ON BEHALF OF SHAUN EVERSOLE
S1770

RECEIVED APR 1 0 2018

Original KEY # 20339732

#22 6
X 34 5
4/11/18

1  Steven S. Guy (#009106)
2  THE GUY LAW FIRM, P.L.L.C.
   10105 E. Via Linda, Ste. 103
3  Scottsdale, Arizona 85258-5326
   Telephone: 480.767.3175
4  Facsimile: 480.383.6874
   E-Mail: steve@steveguylaw.com
5  Attorney for Plaintiff

6            **SUPERIOR COURT OF STATE OF ARIZONA**

7                    **COUNTY OF MARICOPA**

8
   SHANE MCGOUGH, a single man,.
9                                        No. ___ CV 2018-004198
            Plaintiff,
10                                       **SUMMONS**
   v.
11                                       If you would like legal advice from a lawyer,
   PAUL PENZONE and VERONICA               contact the Lawyer Referral Service at
12 PENZONE, husband and wife;                      602-257-4434
   MARICOPA COUNTY, a public entity;                   or
13 SHAUN RICHARD EVERSOLE and              www.maricopalawyers.org
   JANE DOE EVERSOLE, husband and               Sponsored by the
14 wife; ALDEN JAMAAL JACKSON, and       Maricopa County Bar Association
   JANE DOE JACKSON, husband and
15 wife; JOHN DOES 1-10, JANE DOES 1-
   10; PUBLIC ENTITIES 1-10.
16
            Defendants.
17

18

19 THE STATE OF ARIZONA TO THE DEFENDANT:

20 **Shaun Richard Eversole**

21      YOU ARE HEREBY SUMMONED and required to appear and defend, within the

22 time applicable, in this action in this Court. If served within Arizona, you shall appear and

23 defend within forty (20) days after the service of the Summons and Complaint upon you,

24 exclusive of the day of service. If served outside of the State of Arizona – whether by direct

25 service, or by publication – you shall appear and defend within thirty (30) days after the

26 service of the Summons and Complaint upon you is complete, exclusive of the day of

27 service. Service by publication is complete thirty (30) days after the date of first publication.

28

Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiff's attorney.

The name and address of Plaintiffs' attorney is:

> Steven S. Guy
> The Guy Law Firm, P.L.L.C.
> 10105 E. Via Linda, Ste. 103
> Scottsdale, AZ 85258
> (480) 767-3175

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

SIGNED AND SEALED this date: __MAR 2 3 2018__.



Michael Jeanes
Clerk of the Court

MICHAEL K. JEANES, CLERK

By _____
Deputy Clerk

A. S. Romero
Deputy Clerk

- 2 -

1 | Steven S. Guy (#009106)
2 | THE GUY LAW FIRM, P.L.L.C.
  | 10105 E. Via Linda, Ste. 103
3 | Scottsdale, Arizona 85258-5326
  | Telephone: 480.767.3175
  | Facsimile: 480.383.6874
4 | E-Mail: steve@steveguylaw.com
  | Attorney for Plaintiff



COPY

MAR 2 3 2018

COURT SEAL

MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

5

6 | SUPERIOR COURT OF STATE OF ARIZONA

7 | COUNTY OF MARICOPA

8

9 | SHANE MCGOUGH, a single man,.

  | No. CV 2018-004198

10 |     Plaintiff,

   | **CERTIFICATE RE COMPULSORY
   | ARBITRATION**

11 | v.

12 | PAUL PENZONE and VERONICA
   | PENZONE, husband and wife;
13 | MARICOPA COUNTY, a public entity;
   | SHAUN RICHARD EVERSOLE and
14 | JANE DOE EVERSOLE, husband and
   | wife; ALDEN JAMAAL JACKSON, and
15 | JANE DOE JACKSON, husband and
   | wife; JOHN DOES 1-10, JANE DOES 1-
16 | 10; PUBLIC ENTITIES 1-10.

17 |     Defendants.

18

19

20 |     The undersigned certifies that the largest award sought by plaintiff, but excluding

21 | interest, attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory

22 | arbitration. This case therefore is NOT subject to arbitration pursuant to the provisions of

23 | Rules 72 through 76, Ariz. R. Civ. P.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

1

2          DATED this 23rd day of March, 2018.

3

4                              THE GUY LAW FIRM, P.L.L.C.

5

6          By: _____
                               Steven S. Guy
7                              10105 E. Via Linda, Ste. 103
                               Scottsdale, Arizona 85258-5326
8                              Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

1  Steven S. Guy (#009106)
   THE GUY LAW FIRM, P.L.L.C.
2  10105 E. Via Linda, Ste. 103
   Scottsdale, Arizona 85258-5326
3  Telephone:  480.767.3175
   Facsimile:  480.383.6874
4  E-Mail: steve@steveguylaw.com
   Attorney for Plaintiff

5

6              **SUPERIOR COURT OF STATE OF ARIZONA**

7                      **COUNTY OF MARICOPA**

8

9  SHANE MCGOUGH, a single man,.          No. CV 2018-004198

              Plaintiff,

10                                        **SUMMONS**

11 v.

12 PAUL PENZONE and VERONICA
   PENZONE, husband and wife;            If you would like legal advice from a lawyer,
13 MARICOPA COUNTY, a public entity;       contact the Lawyer Referral Service at
   SHAUN RICHARD EVERSOLE and                      602-257-4434
14 JANE DOE EVERSOLE, husband and                        or
   wife; ALDEN JAMAAL JACKSON, and            www.maricopalawyers.org
15 JANE DOE JACKSON, husband and               Sponsored by the
   wife; JOHN DOES 1-10, JANE DOES 1-     Maricopa County Bar Association
16 10; PUBLIC ENTITIES 1-10.

              Defendants.
17

18

19 THE STATE OF ARIZONA TO THE DEFENDANT:

20 **Jane Doe Eversole**

21      YOU ARE HEREBY SUMMONED and required to appear and defend, within the

22 time applicable, in this action in this Court.  If served within Arizona, you shall appear and

23 defend within forty (20) days after the service of the Summons and Complaint upon you,

24 exclusive of the day of service.  If served outside of the State of Arizona – whether by direct

25 service, or by publication – you shall appear and defend within thirty (30) days after the

26 service of the Summons and Complaint upon you is complete, exclusive of the day of

27 service. Service by publication is complete thirty (30) days after the date of first publication.

28

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175

Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or otherwise plead until the expiration of forty (40) days after the date of service upon the Director. A.R.S. §§ 20-222, 28-1027.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or other proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or other response upon the Plaintiff's attorney.

The name and address of Plaintiffs' attorney is:

Steven S. Guy
The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, AZ 85258
(480) 767-3175

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.                    MAR 23 2018

SIGNED AND SEALED this date: _____.



Michael Jeanes
Clerk of the Court

MICHAEL K. JEANES, CLERK

By_____
Deputy Clerk

A. S. Romero
Deputy Clerk

- 2 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.3175



1  Steven S. Guy (#009106)
   THE GUY LAW FIRM, P.L.L.C.
2  10105 E. Via Linda, Ste. 103
   Scottsdale, Arizona 85258-5326
3  Telephone: 480.767.3175
   Facsimile: 480.383.6874
4  E-Mail: steve@steveguylaw.com
   Attorney for Plaintiff
5

COPY

MAR 2 3 2018
MICHAEL K. JEANES, CLERK
A. S. ROMERO
DEPUTY CLERK

6          **SUPERIOR COURT OF STATE OF ARIZONA**

7                **COUNTY OF MARICOPA**

8

9  SHANE MCGOUGH, a single man,.          No. CV 2018-004198

10              Plaintiff,

11  v.                                    **COMPLAINT AND DEMAND FOR JURY TRIAL**

12  PAUL PENZONE and VERONICA             **(Tort – Non-Motor Vehicle)**
    PENZONE, husband and wife;
13  MARICOPA COUNTY, a public entity;
    SHAUN RICHARD EVERSOLE and
14  JANE DOE EVERSOLE, husband and
    wife; ALDEN JAMAAL JACKSON, and
15  JANE DOE JACKSON, husband and
    wife; JOHN DOES 1-10, JANE DOES 1-
16  10; PUBLIC ENTITIES 1-10.

17              Defendants.

18

19      For his Complaint against Defendants, Plaintiff Shane McGough ("Plaintiff"), by

    and through his undersigned attorney, alleges as follows:

20                      **JURISDICTION**

21      1.      Plaintiff brings this action pursuant to 42 U.S.C. §1983, for violations of the

22  Fourth and Fourteenth Amendments of the United States Constitution and additional

23  pendent state common law claims as set forth herein.

24      2.      Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§12-123

25  and 12-401 as the parties are residents of Maricopa County, Arizona and the underlying

26  events out of which this lawsuit arises occurred in Maricopa County, Arizona.

27

28

3.     Defendants Paul Penzone ("Sheriff Penzone") and Veronica Penzone are a married couple residing in Maricopa County, Arizona. All of Sheriff Penzone's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Penzone marital community.

4.     Since January 1, 2017, Sheriff Penzone has been the duly-elected and serving Sheriff of Maricopa County, acting under color of law, and in charge of the Maricopa County Sheriff's Office ("MCSO"). Sheriff Penzone is named in both his official capacity, for purposes of Plaintiff's state law vicarious liability and municipal liability claims, and in his individual capacity, for purposes of Plaintiff's claims against him under 42 U.S.C. §1983.

5.     Defendant Maricopa County is a public entity, formed and designated as such pursuant to Title 11 of the Arizona Revised Statutes and is independently and/or vicariously liable for the wrongful conduct of MCSO and its officers, agents, and employees.

6.     Defendants Shaun Richard Eversole ("Deputy Eversole") and Jane Doe Eversole are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Eversole's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Eversole marital community.

7.     Jane Doe Eversole's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

8.     Defendants Alden Jamaal Jackson ("Deputy Jackson") and Jane Doe Jackson are believed to be a married couple residing in Maricopa County, Arizona. All of Deputy Jackson's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Jackson marital community.

The Guy Law Firm, P.L.L.C.
16165 E. Via Linda, Suite 103
Scottsdale, Arizona 85265-5126
480.767.3175

- 2 -

9. Jane Doe Jackson's true name is unknown to Plaintiff. As such, she is named herein fictitiously. When her identity is discovered, to the extent necessary, Plaintiff will seek leave to amend this complaint to identify her.

10. At all times pertinent hereto, Deputies Eversole and Jackson were agents and employees of Maricopa County, duly sworn to uphold the Constitution of the United States of America and the Constitution of the State of Arizona, to obey the laws of the State and the United States, and the rules, regulations, and policies of the MCSO, to never abuse the authority vested in them, to uphold the constitutional rights to liberty, equality and justice afforded to all persons, to be honest in thought and deed, and to never misrepresent themselves, be untruthful, nor tolerate such conduct on the part of any other employees of the MCSO.

11. At all times pertinent hereto, Deputies Eversole and Jackson were acting in the course and scope of their employment with Maricopa County and under of color of law.

12. Defendants John Does 1-10, Jane Does 1-10 and Public Entities 1-10 are those persons and public entities who are also directly or vicariously liable for the claims asserted herein but whose identities are either unknown and/or the claims against such persons and entities are not yet ripe for adjudication herein. These persons and public entities hereby are notified of Plaintiff's intention to join them as defendants when their identities are fully known and/or when the claims against them are ripe for adjudication herein.

## COMMON FACTUAL ALLEGATIONS

### MCSO's Culture of Cruelty and Disregard of its Own Policies

13. Plaintiff fully incorporates herein by reference all allegations contained in paragraphs 1 through 12 of this Complaint.

14. Despite the oath of office, code of ethics and other written policies and procedures to which every MCSO officer, deputy and employee are supposedly bound, MCSO's leadership has long fostered a culture of cruelty and abuse toward pre-trial detainees.

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.210.3415

15.     Joseph Arpaio was Sheriff of Maricopa County for 24 years – from 1993 until he was voted out of office in late 2016 while under investigation for and pending charges of criminal contempt, for which he was later convicted. From the very beginning and throughout his reign, "Sheriff Joe" spouted a hardline rhetoric toward pretrial detainees, including repeated public statements creating a "culture of cruelty" and implicit authorization of excessive force by detention officers and deputies towards persons in MCSO's custody.

16.     Such rhetoric has caused MCSO employees to understand that it is acceptable for them to disregard their training and official policies and procedures, including use of force policies. It has led to multiple Department of Justice investigations, lawsuits and findings of a pattern of excessive force, as well as a litany of civil lawsuits and sizable settlements and verdicts for injuries and deaths of persons within MCSO's custody. It has led as well to federal court rulings that MCSO routinely abused and violated the constitutional rights of pre-trial detainees.

17.     While Arpaio is no longer in control of MCSO, his legacy continues and Sheriff Penzone has not reversed Arpaio's long ingrained culture. Indeed, it is telling that the deputies involved in the attack and torture of plaintiff out of which this lawsuit arises have apparently not been disciplined by MCSO despite clear video proof of their criminal assault and falsification of official reports.

**Events Leading to the Holding Cell Attack and Torture of Plaintiff**

18.     Plaintiff and three of his friends spent Saturday, July 15, 2017, enjoying a day of casual friendship and tubing on the Salt River in the Tonto National Forest. They had arrived early that day at the parking and tube rental concession. Being among the first to arrive, the driver of the group, parked his truck in the parking lot in a spot closest to the tube rental buildings and, after renting some tubes, the group were transported by bus to the upstream embarkment point. After several hours, the foursome paddled ashore at one of the designated stops, gathered their stuff and caught the bus back to the parking area.

- 4 -

The Guy Law Firm, P.L.L.C.
1505 E. Via Linda Drive 103
Scottsdale, Arizona 85258-5126
480.7167.1175

19.　While in the parking lot, Plaintiff and one of the group became embroiled in a verbal argument with a cab driver who was parked nearby who falsely claimed that the owner of the truck had damaged his cab while backing out of his parking spot.

20.　The argument escalated in volume and the truck's owner walked away from the scene.　After several minutes, MCSO Deputies, Michael S. Finney and David E. Crissinger, arrived at the scene.

21.　Without permission, Deputy Finney opened the driver's side door of the truck in an apparent search of its interior.　At this point, Plaintiff believed that the truck owner's Fourth Amendment rights were being violated by an illegal search of the truck.　Plaintiff told Deputy Finney that he did not have permission to search the truck.　When Finney continued, Plaintiff reached his arm in between Finney and the open door of the truck while insisting that the attempted search was unlawful.　In doing so, Plaintiff did not physically touch or threaten Finney in any way.

22.　Rather than explain what he was doing, Finney went on the offensive.　In his own words, he "immediately grabbed" Plaintiff and began to shove him several times in the chest while verbally taunting plaintiff.　Finney forcefully grabbed Plaintiff's throat around the Adam's apple, painfully restricting his airway while simultaneously pushing him back against the truck.　Out of fear and shock, and in self-defense, Plaintiff struck Deputy Finney, at which point, Deputy Crissinger jumped in to try to tackle Plaintiff.　In an unfortunate accident, all three persons went to the ground with Crissinger twisting and fracturing his leg.

23.　Plaintiff was then held down, handcuffed, and forced to lay on the ground for lengthy time with his body and face pressed to the hot pavement.　Later, Plaintiff was placed in the back seat of U.S. Forest Service Officer Kelly Fleming's ("Officer Fleming") patrol vehicle.

- 5 -

**The Holding Cell Assault and Torture**

24.     Officer Fleming drove Plaintiff to a nearby MCSO substation followed separately by Deputies Jackson and Eversole and a Malinois police dog, Sergeant Shadow.

25.     Upon arriving at the substation, Officer Fleming and Deputies Eversole and Jackson approached the vehicle itching for an opportunity to extract vengeance for their injured fellow officer. They were poised to fight as they opened the passenger door and aggressively ordered Plaintiff to step out of the vehicle.

26.     Plaintiff was sitting passively in the back seat demanding an explanation of his arrest. Rather than respond to Plaintiff's inquiry and after a lapse of just a few seconds, Plaintiff was forcibly dragged by his handcuffs out of the vehicle by Deputy Jackson.

27.     Plaintiff was then led by Jackson with one hand on Plaintiff's bicep, into the station and holding cell, with Fleming, Eversole and Shadow right behind. While Plaintiff was agitated and demanded an explanation for his arrest, he offered no resistance to being led into either the building or the holding cell inside the building.

28.     While handcuffed and seated on the concrete bench in the holding cell, Deputy Jackson, who outweighed Plaintiff by at least 100 pounds, began to try to remove the handcuffs, but had difficulty with the key while Deputy Eversole stood close by with the canine, Shadow, barking menacingly at Plaintiff.

29.     Jackson tossed one set of keys toward another unknown deputy who was standing in the doorway of the holding cell while Plaintiff continued to protest and question his arrest. Plaintiff did nothing even remotely suggestive of fighting. In fact, he sat on the bench for more than 30 seconds while Jackson continued to fumble with another set of handcuff keys.

30.     In frustration from Jackson's actions, the dog's furious barking, and the deputies' refusal to answer his questions, Plaintiff attempted only to stand up, a non-aggressive movement that lasted only a second. In response, Jackson forcibly pushed Plaintiff back down to the bench. During that fleeting movement, despite that Plaintiff was

- 6 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.707.5775

cuffed, in a secure holding cell and surrounded by armed law enforcement officers, Deputy Eversole attempted to deploy Sergeant Shadow, who through training or instinct saw no threat and did not engage Plaintiff who immediately sat back down on the bench, head down, with his cuffed hands in his lap.

31.      Seconds later, while Plaintiff was still seated on the bench with Jackson's massive body looming over him, Deputy Fleming assaulted Plaintiff with a forcible two-handed grab at his throat. Plaintiff then yelled at Fleming who responded with another forcible two-handed jab to the throat. Again, Plaintiff did nothing in response except to verbally insult Officer Fleming. At that point, though Plaintiff was not fighting or resisting, Jackson yanked Plaintiff off the holding cell bench, pivoted and hurled Plaintiff to the back of the holding cell and forced him to the ground.

32.      While Jackson was taking Plaintiff to the ground, Plaintiff again showed he would not resist, yelling, "I'll get on the ground." Despite Plaintiff's lack of resistance and despite that the much larger Jackson had complete control over Plaintiff, Deputy Eversole again deployed Sergeant Shadow and this time the dog obeyed. Shadow commenced a horrific and prolonged attack on Plaintiff while he was helplessly pinned to the ground by the massive Jackson, whose knee was squarely on Plaintiff's abdomen while he continued to try to remove the handcuffs. Throughout this attack Plaintiff continued to scream in agony that he was complying, that he had done nothing wrong, that he was in pain and repeatedly begged the deputies to call the dog off.

33.      Neither Deputy Jackson, nor Officer Fleming or any of the other unknown deputies at the substation intervened or otherwise attempted to stop the vicious and prolonged canine attack instigated by Deputy Eversole. Instead, Deputy Jackson rolled Plaintiff over to his stomach to better expose Plaintiff's buttocks to the dog, who all the while was ripping and tearing at Plaintiff's flesh. Throughout the remainder of the relentless attack, Jackson was continuing to press Plaintiff's body and face to the hard-concrete floor

- 7 -

of the cell. This continued for over three minutes while Jackson and other deputies were continuing to try to remove the handcuffs and Officer Fleming remained mute.

34. The canine, Shadow, ravaged Plaintiff's backside for more than three minutes before Eversole disengaged the dog after which the deputies continued their effort to remove the handcuffs with Plaintiff lying bloody and injured on the floor of the cell. The horrific torture of Plaintiff was captured on Eversole's and Jackson's Body Worn Cameras ("Body Cams").

### The False and Misleading Incident Reports

35. The Body Cam videos clearly and unambiguously show that the holding cell attack on Plaintiff was a criminal act by MCSO employees Eversole and Jackson, and U.S. Forest Service Officer Fleming. However, that was not the end of the MCSO deputies' criminal activity. Deputies Jackson and Eversole compounded their criminal conduct by filing false and misleading incident reports regarding the attack.

36. A comparison of the Body Cam video evidence with the later prepared incident reports reveal that deputies Jackson and Eversole repeatedly lied in their official reports.

37. Deputy Jackson lied when he claimed that Plaintiff physically resisted and tried to "prevent" the deputies from escorting him into the station and holding cell. Likewise, Deputy Eversole lied when he reported that Plaintiff was "actively attempting to pull away from" Jackson as Plaintiff was escorted into the building. The Body Cam videos prove otherwise.

38. Deputy Jackson lied again when he claimed that Plaintiff "displayed active aggression by standing up and lunging toward us as if he was attempting to engage in a fight" and that he was "attempting to use the handcuffs as a weapon." Eversole tried to corroborate that lie by, saying "McGough made an overt movement off the bench and began to actively fight Deputy Jackson." Again, the Body Cam videos prove otherwise.

39. Deputy Jackson lied again when he said Plaintiff "attempted to lunge at us a

- 8 -

The Guy Law Firm, P.L.L.C.
1050 E. Via Linda, Suite 105
Scottsdale, Arizona 85258-5326
480.762.3175

second time before being pushed back onto the bench again" and that Plaintiff was "actively resisting the handcuffs being removed" and that he "kicked me [Jackson], Officer Fleming and Deputy Eversole as he flailed around on the concrete bench." Again, the Body Cam videos prove otherwise.

40.    Likewise, though tellingly inconsistent with Jackson's report, Eversole lied when he reported that Plaintiff "continued to fight Deputy Jackson as well as kicking [only] Officer Fleming." Again, the video shows otherwise.

41.    Both Deputies lied about the reason that Deputy Jackson jerked Plaintiff off the bench. Both reported it was because of active fighting when in truth Plaintiff was not fighting and had merely insulted Officer Fleming after she assaulted him.

42.    Deputy Eversole's report of the reason he engaged Sergeant Shadow is a particularly sinister lie designed to try to cover up his clear violation of MCSO use of force and canine policies. He said, "In order to stop the active aggression from McGough and prevent further injuries to law enforcement officer, I deployed Canine Shadow with a placement bite on the upper rear of McGough's right thigh." The video on the other hand demonstrates that the deployment of the dog was a vengeful and over the top use of force contrary to MCSO Policies CP-1 and GJ-25. Plaintiff was a handcuffed detainee, fully secured in a holding cell, he was being assaulted by Fleming and was surrounded by a gang of armed law enforcement officers, including Officer Jackson who outweighed Plaintiff by at least 100 lbs. and had total control over Plaintiff.

43.    Deputy Eversole's suggestion that Plaintiff was a threat to anyone in the holding cell and that the attack on Plaintiff was justified is an extreme and outrageous lie designed to mask his, deputy Jackson's and Officer Fleming's criminal conduct.

44.    In reliance upon the falsified reports by Jackson and Eversole, the State brought multiple felony assault charges against Plaintiff. Counts 3 and 4 of the criminal complaint alleged that Plaintiff committed Assault and Aggravated Assault on Deputy Jackson and Officer Fleming. Count 5 alleged that Plaintiff resisted arrest by using or

- 9 -

threatening physical force against Jackson, Fleming and Eversole. These charges were false, malicious and without probable cause and were later dismissed. Jackson, Fleming and Eversole aided and abetted those false charges through their false reporting.

**COUNT ONE – BATTERY**

(As to All Defendants)

45.     The allegations of Paragraphs 1 through 44 of this Complaint are incorporated herein.

46.     Defendants' conduct as described herein constitutes the tort of battery. Such conduct was a violation of A.R.S. §§13-409 and 13-410 resulting in unreasonably offensive and injurious contact to Plaintiff committed without justification and with the intent to seriously harm and injure Plaintiff;

47.     As a direct and proximate cause of defendants' battery, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

**COUNT TWO – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL**

**RIGHTS – FOURTH AND FOURTEENTH AMENDMENT -**

**PURSUANT TO 42 U.S.C. §1983**

(As to All Defendants)

48.     The allegations of Paragraphs 1 through 47 of this Complaint are incorporated herein.

49.     While MCSO has adopted written policies and procedures regarding the use of force, including Policy CP-1, as described above for many years under the leadership of former Sheriff Arpaio and now current Sheriff Penzone, MCSO's actual unwritten though routinely sanctioned policy is one of implicit authorization of the use of excessive force to punish pretrial detainees or at a minimum MCSO has fostered an attitude of complete indifference to its written policies and procedures.

The Guy Law Firm, P.L.L.C.
1050 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.767.1175

50. MCSO has employed a pattern and practice of authorizing or being deliberately indifferent to the excessive use of force by its agents, employees and deputies against pretrial detainees.

51. MCSO has been repeatedly sanctioned in the courts and in civil verdicts and settlements based upon its pattern and practice of authorizing or being indifferent to excessive use of force by its agents, employees and deputies against pretrial detainees.

52. Though pretrial detainees have not been found guilty of any crime, MCSO's leadership has long espoused and authorized a policy that its detention facilities should be "places of punishment," that detainees should be "educated through punishment" and that such facilities should be run like World War II era concentration camps.

53. Deputies Eversole and Jackson acted pursuant to MCSO's, Sheriff Arpaio's and Sheriff Penzone's implicit authorization of excessive use of force and imposition of punishment by wrongfully assaulting Plaintiff, directing the canine, Shadow, to attack and torture Plaintiff while he was helpless and pinned to the ground and, in Deputy Jackson's case, by failing to intervene and stop the canine attack instigated by Eversole.

54. Pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), Sheriff Penzone and Maricopa County are independently liable for the acts of Deputies Eversole and Jackson.

55. All defendants acted under color of law.

56. Deputies Eversole, Jackson and Penzone are liable to Plaintiff pursuant to 42 U.S.C. §1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

57. As a direct and proximate cause of defendant's reckless disregard of Plaintiff's constitutional rights, Plaintiff has suffered serious bodily injury, pain, suffering, anguish, emotional distress and economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

- 11 -

The Guy Law Firm, P.L.L.C.
4001 E. Via Linda, Suite 105
Scottsdale, Arizona 85258-5326
480.702.5175

58.  The above acts were committed intentionally or recklessly and with an "evil mind" and with a conscious disregard of Plaintiff's rights and interests.  Accordingly, Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to an award of punitive damages against the individually named defendants.

59.  Plaintiff is also entitled to an award of costs and attorney's fees Pursuant to 42 U.S.C. §1983.

## COUNT THREE – RECKLESS OR NEGLIGENT CONDUCT

(As to all Defendants)

60.  The allegations of Paragraphs 1 through 59 of this Complaint are incorporated herein.

61.  Defendants owed a duty of reasonable care to Plaintiff, a pretrial detainee, in their detention of him.  Such duty included the duty to refrain from the use of excessive force and keep Plaintiff safe while in their custody and to intervene and protect Plaintiff from risks of harm presented by overzealous law enforcement officers.

62.  The harm caused by defendants, including Deputies Eversole and Jackson, was foreseeable.

63.  Upon information and belief, defendant Maricopa County failed to perform an adequate background check on its employees, including Deputies Eversole and Jackson and/or otherwise failed to evaluate their suitability for the jobs they were given.

64.  Upon information and belief, defendant Maricopa County failed to provide adequate training to its employees, Deputies Eversole and Jackson.

65.  Upon information and belief, defendant Maricopa County failed to provide adequate supervision of its employees, Deputies Eversole and Jackson.

66.  At all times pertinent hereto, defendants were reckless or negligent in their detention of Plaintiff and their excessive use of physical and potentially deadly force against Plaintiff.  Defendants Maricopa County and Penzone were reckless or negligent in their hiring, supervision and training of Deputies Eversole and Jackson.

- 12 -

The Guy Law Firm, P.L.L.C.
10105 E. Via Linda, Suite 103
Scottsdale, Arizona 85258-5326
480.710.3175

67. As a direct and proximate cause of defendants' recklessness or negligence, Plaintiff suffered serious bodily injury, pain, suffering, anguish, emotional distress and incurred and will likely continue to incur economic losses including hospital, and other medical expenses, and lost earnings, all in an amount to be proved in the trial in this matter.

68. Plaintiff hereby requests and demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs request that judgment be entered against defendants, jointly and severally and against their marital communities, as follows:

A. Awarding Plaintiff's special and general damages in an amount to be proved at trial;

B. Awarding punitive damages pursuant to 42 U.S.C. §1983 against the individually named defendants in an amount to be proved at trial;

C. Awarding Plaintiff's taxable costs and attorneys' fees pursuant to 42 U.S.C. §1983; and

D. For such other and further relief as the Court deems just and proper.

DATED this 23rd day of March, 2018.

THE GUY LAW FIRM, P.L.L.C.

By: _____
Steven S. Guy
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
Attorney for Plaintiff