WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:   ANN THOMPSON UGLIETTA (013696)
      MAXINE S. MAK (031158)
      Deputy County Attorneys
      makm@mcao.maricopa.gov
      uglietta@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Paul Penzone,
Shaun Richard Eversole, Sarah Bell Eversole,
Alden Jamaal Jackson, Kristin L. Jackson

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shane McGough,<br><br>      Plaintiff,<br>v.<br><br>Paul Penzone; Shaun Richard Eversole and Sarah Bell Eversole, husband and wife; Alden Jamaal Jackson and Kristin L. Jackson, husband and wife; United States of America, a governmental entity; Kelly Marie Fleming and John Doe Fleming, husband and wife,<br><br>      Defendants. | CV18-01302-PHX-JAT (DMF)<br><br>**DEFENDANTS PAUL PENZONE'S, SHAUN RICHARD EVERSOLE'S, SARAH BELL EVERSOLE'S, ALDEN JAMAAL JACKSON'S, AND KRISTIN L. JACKSON'S ANSWER TO AMENDED COMPLAINT**<br><br>**AND**<br><br>**THEIR DEMAND FOR JURY TRIAL** |

1

Defendants Paul Penzone, Shaun Richard Eversole, Sarah Bell Eversole, Alden Jamaal Jackson and Kristin L. Jackson (collectively, "Defendants"), and each of them, answer the counts and allegations in Plaintiff Shane McGough's Amended Complaint as follows:

1. Deny each and every allegation set forth in the Amended Complaint except those allegations that are specifically admitted, qualified or otherwise answered.

2. Regarding the allegations in Paragraph 1 of the Amended Complaint, admit that Plaintiff characterizes his claims as being brought under 42 U.S.C. § 1983 ("Section 1983"), *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 402 U.S. 388 (1971)("Bivens), the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and state law. Deny the remaining allegations of Paragraph 1.

3. Regarding the allegations in Paragraph 2 of the Amended Complaint, admit that some of Plaintiff's alleged claims arise under the Constitution and laws of the United States and the underlying events out of which the lawsuit arises occurred in the District of Arizona. Affirmatively allege that Defendants properly and lawfully removed this case to federal court, which has jurisdiction over the claims asserted in the Amended Complaint. Deny the remaining allegations of Paragraph 2.

4. Regarding the allegations in Paragraph 3 of the Amended Complaint, admit that Paul Penzone is the duly-elected Sheriff of Maricopa County and in his official capacity as Sheriff of Maricopa County, he employs the MCSO Deputies named in the Amended Complaint. Deny the remaining allegations of Paragraph 3.

5. Regarding the allegations in Paragraph 4 of the Amended Complaint, admit that Plaintiff names Paul Penzone in his official capacity, only, as the duly-elected Sheriff of Maricopa County. Admit that the state law doctrine of vicarious liability is alleged in the Amended Complaint in connection with Plaintiff's state law claims asserted against Paul Penzone. Deny the remaining allegations of Paragraph 4.

6. Regarding the allegations in Paragraph 5 of the Amended Complaint, admit that Shaun Richard Eversole and Sarah Bell Eversole are married and they reside in Maricopa County. Deny the remaining allegations of Paragraph 5.

7. Regarding the allegations in Paragraph 6 of the Amended Complaint, admit that Alden Jamaal Jackson and Kristin L. Jackson are married and each of them resides in Maricopa County. Deny the remaining allegations in Paragraph 6.

8. Admit the allegations in Paragraph 7 of the Amended Complaint.

9. Admit the allegations in Paragraph 8 of the Amended Complaint.

10. Deny the allegations in Paragraph 9 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

11. Deny the allegations in Paragraph 10 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof. Affirmatively allege that, because the naming of fictitious defendants is prohibited under federal law, the allegations in Paragraph 10 of the Amended Complaint should be stricken.

12. Deny the allegations in Paragraph 11 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

13. Deny the allegations in Paragraph 12 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

14. Deny the subheading at line 16 on page 3 of the Amended Complaint.

15. Deny the allegations in Paragraph 13 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

16. Deny the allegations in Paragraph 14 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

17. Regarding the allegations in Paragraph 15 of the Amended Complaint, admit that Michael S. Finney and David E. Crissinger are MCSO Deputies and, at a certain time on July 15, 2017, they arrived on the scene of a certain incident in the parking lot at Salt River Recreation. Deny the remaining allegations in Paragraph 15 of the Amended Complaint for want of knowledge sufficient to form a belief as to the truth or falsity thereof.

18. Regarding the allegations in Paragraph 16 of the Amended Complaint, affirmatively allege that during the above referenced incident, Deputy Finney opened the driver's side door of a truck involved in the incident for the purpose of conducting a lawful police search for the truck's ownership and registration information. Affirmatively allege that Deputy Finney observed a handgun stored in the map pocket of the driver's side door. Affirmatively allege that Plaintiff approached Deputy Finney, making loud verbal statements claiming that Deputy Finney did not have a right to search the truck, then attempted to physically insert himself between Deputy Finney and the handgun. Deny the remaining allegations in Paragraph 16 of the Amended Complaint.

19. Regarding the allegations in Paragraph 17 of the Amended Complaint, affirmatively allege that, in response to Plaintiff's above-referenced verbal and physical conduct, and the deputy's concern regarding Plaintiff's access to the handgun, Deputy Finney used a grab and push maneuver to keep Plaintiff away from the handgun, while also giving lawful verbal orders to Plaintiff to stay back from the handgun. Affirmatively allege that Plaintiff did not comply with this lawful verbal order, rather he began fighting with Deputy Finney. Affirmatively allege that Plaintiff assaulted Deputy Finney by striking Deputy Finney in the face. Affirmatively allege that in response to Plaintiff's aggression and non-compliance with lawful verbal orders, as well as both deputies' concern regarding Plaintiff's access to the handgun, Deputy Crissinger ran up and used a grab maneuver to attempt to detain Plaintiff, but Plaintiff assaulted Deputy Crissinger, then Plaintiff evaded Deputy Crissinger, and ran away. Affirmatively allege that Deputy Crissinger ran after Plaintiff, caught up to Plaintiff, used a grab maneuver to apprehend Plaintiff then transitioned to a takedown maneuver to bring Plaintiff down to the ground for purposes of obtaining submission and control. Admit that Deputies Finney and Crissinger lay on top of Plaintiff on the ground. Affirmatively allege that Deputy Crissinger's leg was broken, among other injuries. Deny the remaining allegations in Paragraph 17 of the Amended Complaint.

20. Regarding the allegations in Paragraph 18 of the Amended Complaint, affirmatively allege that MCSO deputies held Plaintiff on the ground until they could safely move the injured Deputy Crissinger and they could safely secure handcuffs on Plaintiff. Affirmatively allege that the deputies then stood Plaintiff up. Affirmatively

allege that once standing, Plaintiff resisted the deputy's escort by not complying with lawful verbal orders and pushing off from a patrol car where he was ordered to stand, requiring the use of a second takedown to the ground by a MCSO deputy for purposes of obtaining control over Plaintiff. Affirmatively allege that Plaintiff subsequently was stood up and escorted to a patrol vehicle while Plaintiff continued his resistance and non-compliance with lawful verbal orders. Affirmatively allege that Plaintiff did not comply with lawful verbal orders to get into the patrol vehicle. Affirmatively allege that MCSO deputies used grab and pull maneuvers to place Plaintiff into the rear seat of the patrol vehicle for transport to the MCSO substation. Admit that this particular patrol vehicle was assigned to U.S. Forest Service Officer Kelly Fleming. Deny the remaining allegations in Paragraph 18 of the Amended Complaint.

21. Deny the subheading at line 21 on page 4 of the Amended Complaint.

22. Admit the allegations in Paragraph 19 of the Amended Complaint.

23. Regarding the allegations in Paragraph 20 of the Amended Complaint, admit that Deputies Eversole and Jackson approached Officer Fleming's patrol vehicle upon arrival at the MCSO substation. Affirmatively allege that Plaintiff was given lawful verbal orders to exit the patrol vehicle. Deny the remaining allegations of Paragraph 20 of the Amended Complaint.

24. Regarding the allegations in Paragraph 21 of the Amended Complaint, affirmatively allege that Plaintiff failed to comply with lawful verbal orders to exit the patrol vehicle upon arrival at the MCSO substation. Affirmatively allege that Deputy Eversole gave a lawful verbal order to Plaintiff to step out (of the patrol vehicle) slowly, as

6

well as a verbal warning that if Plaintiff fights, he is going to get bitten. Affirmatively allege that Deputy Jackson used a hand grab and pull maneuver to remove Plaintiff from Officer Fleming's patrol vehicle. Affirmatively allege that Deputy Eversole gave a second lawful verbal order to Plaintiff to walk inside and a second verbal warning to Plaintiff that if he made any aggressive movements, he is going to get bitten. Affirmatively allege that during the drive to the MCSO substation, Plaintiff had slipped his handcuffs from behind his back to his front, raising additional safety concerns for the deputies and officers. Deny the remaining allegations of Paragraph 21 of the Amended Complaint.

25. Regarding the allegations in Paragraph 22 of the Amended Complaint, affirmatively allege that Deputy Jackson used an escort maneuver to bring Plaintiff into the MCSO substation, while Plaintiff attempted to pull away and made loud verbal statements. Admit that Deputy Eversole with MCSO K-9 Shadow (on leash), and Officer Fleming, followed behind Deputy Jackson and Plaintiff. Deny the remaining allegations of Paragraph 22 of the Amended Complaint.

26. Regarding the allegations in Paragraph 23 of the Amended Complaint, affirmatively allege that Deputy Eversole gave lawful verbal orders to Plaintiff to sit down on a bench in the holding cell, while Deputy Jackson tried to use a key to unlock the handcuffs from Plaintiff's hands. Admit that Deputy Eversole and MCSO K-9 Shadow stood near Deputy Jackson and Plaintiff in the holding cell. Affirmatively allege that Plaintiff was agitated, aggressive in his manner and making loud verbal statements. Affirmatively allege that MCSO K-9 Shadow barked. Deny the remaining allegations of Paragraph 23 of the Amended Complaint.

27. Regarding the allegations in Paragraph 24 of the Amended Complaint, admit that Deputy Jackson tried to use a key to unlock the handcuffs from Plaintiff's hands while Plaintiff was in a sitting position on a bench in a holding cell. Admit that at a certain point, Deputy Jackson threw some keys out the doorway of the holding cell. Admit that Plaintiff was making loud verbal statements. Deny the remaining allegations of Paragraph 24 of the Amended Complaint.

28. Regarding the allegations in Paragraph 25 of the Amended Complaint, affirmatively allege that contrary to lawful verbal orders, while continuing to make loud verbal statements, Plaintiff pulled his hands and arms back away from Deputy Jackson, then Plaintiff stood and lunged forward and inwards towards Deputy Jackson, then struggled and fought with Deputy Jackson. Affirmatively allege that Deputy Eversole responded to Plaintiff's aggression and non-compliance by giving a bite command to MCSO K-9 Shadow. Affirmatively allege that MCSO K-9 Shadow did not bite Plaintiff. Affirmatively allege that Deputy Jackson responded to Plaintiff's aggression and non-compliance by using a push maneuver in an effort to return Plaintiff to a sitting position, as well as by giving lawful verbal compliance orders. Deny the remaining allegations of Paragraph 25 of the Amended Complaint.

29. Regarding the allegations in Paragraph 26 of the Amended Complaint, affirmatively allege that Plaintiff did not comply with lawful verbal orders; instead, Plaintiff continued his aggression by fighting with Deputy Jackson and Officer Fleming. Affirmatively allege that Officer Fleming gave a lawful verbal order to Plaintiff to calm down, but Plaintiff did not comply, rather he continued to make loud verbal statements,

including calling Officer Fleming a "bitch, fuck you," "motherfucker," "fucking bitch," "fuck you and your stank ass pussy" and other obscenities. Affirmatively allege that Plaintiff assaulted and kicked Officer Fleming. Affirmatively allege that Officer Fleming responded to Plaintiff's aggression and non-compliance by using grab and push maneuvers and verbal compliance orders. Affirmatively allege that Deputy Jackson responded to Plaintiff's aggressive and non-compliant actions by using a takedown maneuver to bring Plaintiff to the floor of the holding cell. Deny the remaining allegations of Paragraph 26 of the Amended Complaint.

30. Regarding the allegations in Paragraph 27 of the Amended Complaint, affirmatively allege that Deputy Eversole responded to Plaintiff's assault on Officer Fleming and Deputy Jackson and Plaintiff's non-compliance by deploying MCSO K-9 Shadow for a controlled placement bite for the purposes of obtaining Plaintiff's full submission and full surrender and obtaining full control over Plaintiff. Affirmatively allege that when the bite was placed, Plaintiff began making loud verbal statements about allegedly being willing to comply and wanting the bite released, but Plaintiff at the same time was not fully subdued or under the deputies' full control. Deny the remaining allegations of Paragraph 27 of the Amended Complaint.

31. Regarding the allegations in Paragraph 28 of the Amended Complaint, affirmatively allege that at a certain point, Plaintiff flipped onto his stomach and MCSO K-9 Shadow, while maintaining the controlled placement bite, moved with Plaintiff's body. Affirmatively allege that deputies gave lawful verbal orders of "no movement," "do not move," "stop kicking me," "put your face down" to Plaintiff, and he did not immediately

comply. Affirmatively allege that Deputy Eversole continued to maintain MCSO K-9 Shadow's controlled placement bite for the purposes of obtaining Plaintiff's full surrender and obtaining full control over Plaintiff. Affirmatively allege that Deputy Jackson did not ask Deputy Eversole to stop the use of MCSO K-9 Shadow's controlled placement bite. Affirmatively allege that MCSO K-9 Shadow's controlled placement bite was maintained because the deputies still did not have Plaintiff's full surrender and they still did not have full control over Plaintiff. Affirmatively allege that the duration of MCSO K-9 Shadow's controlled placement bite was approximately three minutes. Affirmatively allege that during these approximate three minutes, deputies and officers were working to obtain Plaintiff's full surrender and to obtain full control over Plaintiff. Deny the remaining allegations of Paragraph 28 of the Amended Complaint.

32. Regarding the allegations in Paragraph 29 of the Amended Complaint, affirmatively allege that upon Plaintiff's full surrender and the deputies obtaining full control over Plaintiff, Deputy Eversole released MCSO K-9 Shadow from the controlled placement bite and moved the canine away from Plaintiff. Affirmatively allege that Plaintiff continued to lie on the floor while deputies and officers continued to work on removing his handcuffs due to a broken key. Admit that Plaintiff had a dog bite injury in the body location of MCSO K-9 Shadow's controlled placement bite. Affirmatively allege that Deputies Eversole's and Jackson's body worn cameras recorded video of certain portions of the incident in the holding cell. Deny the remaining allegations of Paragraph 29 of the Amended Complaint.

33. Deny the subheading at line 1 on page 7 of the Amended Complaint.

| | |
|---|---|
| 34. | Deny the allegations in Paragraph 30 of the Amended Complaint. |
| 35. | Deny the allegations in Paragraph 31 of the Amended Complaint. |
| 36. | Deny the allegations in Paragraph 32 of the Amended Complaint. |
| 37. | Deny the allegations in Paragraph 33 of the Amended Complaint. |
| 38. | Deny the allegations in Paragraph 34 of the Amended Complaint. |
| 39. | Deny the allegations in Paragraph 35 of the Amended Complaint. |
| 40. | Deny the allegations in Paragraph 36 of the Amended Complaint. |
| 41. | Deny the allegations in Paragraph 37 of the Amended Complaint. |
| 42. | Deny the allegations in Paragraph 38 of the Amended Complaint. |

43. Regarding the allegations in Paragraph 39 of the Amended Complaint, affirmatively allege that the Maricopa County Grand Jury indicted Plaintiff on five felony counts including four counts of felony aggravated assault and one count of felony resisting arrest in *State v. McGough*, CR2017-132709-001 (Maricopa County Superior Court). Affirmatively allege that as part of a plea agreement, Plaintiff pleaded guilty to and was convicted of felony aggravated assault on Deputy Crissinger. Affirmatively allege that the Court sentenced Plaintiff to serve six months in the county jail and to serve three years supervised probation, and the Court ordered Plaintiff to pay restitution for all economic loss to all victims. Affirmatively allege that the Court retained jurisdiction over restitution. Affirmatively allege that the Court ordered Plaintiff to complete anger management and substance abuse treatment. Affirmatively allege that the remaining four felony charges were dismissed as part of the plea agreement accepted by the State court. Deny the remaining allegations in Paragraph 39.

44. Regarding the allegations in Paragraph 40 of the Amended Complaint, Defendants incorporate by reference all answers, denials and affirmative allegations contained in Paragraphs 1 – 43 above.

45. Deny the allegations in Paragraph 41 of the Amended Complaint.

46. Deny the allegations in Paragraph 42 of the Amended Complaint.

47. Regarding the allegations in Paragraph 43 of the Amended Complaint, Defendants incorporate by reference all answers, denials and affirmative allegations contained in Paragraphs 1 – 46 above.

48. Deny the allegations in Paragraph 44 of the Amended Complaint.

49. Deny the allegations in Paragraph 45 of the Amended Complaint.

50. Deny the allegations in Paragraph 46 of the Amended Complaint.

51. Deny the allegations in Paragraph 47 of the Amended Complaint.

52. Regarding the allegations in Paragraph 48 of the Amended Complaint, Defendants incorporate by reference all answers, denials and affirmative allegations contained in Paragraphs 1 – 52 above.

53. The allegations in Paragraph 49 of the Amended Complaint contain allegations pertaining to persons other than Defendants to which Defendants are not required to respond.

54. The allegations in Paragraph 50 of the Amended Complaint contain allegations pertaining to persons other than Defendants to which Defendants are not required to respond.

55. The allegations in Paragraph 51 of the Amended Complaint contain allegations pertaining to persons other than Defendants to which Defendants are not required to respond.

56. The allegations in Paragraph 52 of the Amended Complaint contain allegations pertaining to persons other than Defendants to which Defendants are not required to respond.

57. Regarding the allegations in Paragraph 53 of the Amended Complaint, Defendants incorporate by reference all answers, denials and affirmative allegations contained in Paragraphs 1 – 56 above.

58. The allegations in Paragraph 54 of the Amended Complaint contain legal argument to which Defendants are not required to respond.

59. The allegations in Paragraph 55 of the Amended Complaint contain legal argument to which Defendants are not required to respond.

60. Deny the allegations in Paragraph 56 of the Amended Complaint.

61. The allegations in Paragraph 57 of the Amended Complaint contain allegations pertaining to persons other than Defendants to which Defendants are not required to respond.

62. Deny the allegations in Paragraph 58 of the Amended Complaint.

63. Admit that Plaintiff demands a jury trial.

64. Deny Plaintiff is entitled to judgment or other requested relief set forth in the Request for Relief.

. . .

**AFFIRMATIVE DEFENSES**

Having fully answered the Amended Complaint, Defendants Paul Penzone, Shaun Richard Eversole, Sarah Bell Eversole, Alden Jamaal Jackson and Kristin L. Jackson ("Defendants"), and each of them, assert the following affirmative defenses:

A. Defendants affirmatively allege that the Amended Complaint fails to state a claim upon which relief can be granted.

B. Defendants affirmatively allege that they are entitled to qualified and/or absolute immunity.

C. Defendants affirmatively allege the defense of justification as provided under A.R.S. §§ 13-401 *et seq*.

D. Defendants affirmatively allege the defenses under A.R.S. §§ 12-711, 12-712 and 12-716.

E. Defendants affirmatively allege that Plaintiff's damages and/or injuries, if any, were caused in whole or in part by his own comparative/contributory negligence.

F. Defendants affirmatively allege Plaintiff failed to mitigate his damages.

G. Defendants affirmatively allege that Plaintiff's damages and/or injuries, if any, were caused in whole or in part by other parties or non-parties at fault.

H. Defendants affirmatively allege that they did not breach any duty owed to Plaintiff.

I. Defendants affirmatively allege that Plaintiff cannot establish any proximate cause of his damages.

J. Defendants affirmatively allege that Plaintiff is not entitled to punitive/exemplary damages.

K. Defendants affirmatively allege that A.R.S. § 12-820.04 bars recovery of punitive damages.

L. Defendants affirmatively allege that Plaintiff knowingly, intelligently and voluntarily assumed the risk of injuries such as those that are alleged to have occurred in this case, thereby eliminating liability on the part of Defendants.

M. Defendants affirmatively allege that Plaintiff has failed to set forth a requisite showing of objective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

N. Defendants affirmatively allege they were acting under legal process, with good, sufficient and probable cause to be so acting, with reasonable belief as to the legality of things and matters attributed and the actions of Defendants were in good faith and without malice.

O. Defendants affirmatively allege that Plaintiff has failed to set forth a grave deprivation with regard to his allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

P. Defendants affirmatively allege that there existed no conduct that was motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding Plaintiff from recovery of punitive damages.

Q. Defendants affirmatively allege that their conduct at all times was reasonable.

R. Defendants affirmatively allege that Plaintiff is estopped from asserting his claims.

S. Plaintiff failed to file and serve a timely, statutorily compliant complaint under A.R.S. § 12-821 and he failed to file and serve a timely, statutorily compliant notice of claim under A.R.S. § 12-821.01.

T. Defendants affirmatively allege that there is no cognizable marital community liability and no cognizable spousal liability under Section 1983.

U. Defendants affirmatively allege that they did not have an intent or purpose to benefit or further their marital communities in connection with the incident alleged in the Amended Complaint.

V. Defendants affirmatively allege that their marital communities and/or non-tortfeasor spouses are not liable for the alleged intentional torts and/or the requested punitive damages asserted in the Amended Complaint, in view of non-tortfeasor spouses' lack of knowledge, consent or ratification regarding the incident alleged in the Amended Complaint.

W. Defendants affirmatively allege that any recovery by Plaintiff is subject to subrogation, lien and/or offset in accordance with applicable laws providing for restitution to victims of Plaintiff's criminal conduct.

X. Defendants assert that other affirmative defenses may come to light as this case progresses. Accordingly, Defendants affirmatively allege those affirmative defenses

contained in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as well as any other affirmative defenses that may become applicable pursuant to discovery, including: failure to join a necessary and proper party; insufficiency of service of process; lack of service; assumption of risk; estoppel; laches; fraud; illegality; lack of respondeat superior; spoliation; statute of limitations; waiver; acquiescence; unclean hands; statutory and state/federal constitutional defenses to punitive damages; contributory negligence; comparative fault; qualified immunity; absolute immunity; and any other matter which constitutes an avoidance or affirmative defense which further discovery may demonstrate to be applicable.

WHEREFORE, having fully answered the Amended Complaint, Defendants Paul Penzone, Shaun Richard Eversole, Sarah Bell Eversole, Alden Jamaal Jackson and Kristin L. Jackson ("Defendants"), and each of them, hereby request the following relief:

1. That this action be dismissed in its entirety, with Plaintiff Shane McGough taking nothing and with Judgment entered in favor of Defendants;

2. That Plaintiff be ordered to pay Defendants' costs and attorneys' fees; and

3. Such other and further relief as this Court deems just and proper.

. . .

. . .

. . .

. . .

. . .

. . .

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Fed. R. Civ. P., Paul Penzone, Shaun Richard Eversole Sarah Bell Eversole, Alden Jamaal Jackson and Kristin L. Jackson ("Defendants"), and each of them, hereby demand a jury trial on all issues subject thereto.

RESPECTFULLY SUBMITTED this 13th day of August, 2018.

> WILLIAM G. MONTGOMERY
> MARICOPA COUNTY ATTORNEY
>
> BY: /s/ Ann Thompson Uglietta
> ANN THOMPSON UGLIETTA
> MAXINE S. MAK
> Deputy County Attorneys
> *Attorneys for Defendants* Paul Penzone,
> Shaun Richard Eversole, Sarah Bell Eversole,
> Alden Jamaal Jackson, Kristin L. Jackson

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Judge James A. Teilborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 523
401 West Washington Street, SPC 51
Phoenix, AZ 85003-2154

Magistrate Deborah M. Fine
United States District Court
123 N. San Francisco Street, Suite 200
Flagstaff, AZ 86001

Steven S. Guy, Esq.
THE GUY LAW FIRM, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258-5326
steve@steveguylaw.com
*Attorney for Plaintiff*

/s/G. Naranjo

S:\CIVIL\CIV\Matters\CJ\2017\McGough v. Penzone CJ17-0310\Pleadings\Word Docs\Answer and Jury Trial Demand Amended Complaint 080118.docx